IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
February 2, 2010 Session

## DANIEL LIVINGSTON v. STATE OF TENNESSEE, STEPHEN DOTSON, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 09-CR-133     Joe Walker, Judge**

**No. W2009-01711-CCA-R3-HC   -   Filed April 26, 2010**

In 2002, a jury convicted the petitioner, Daniel Livingston, of evading arrest in a vehicle with risk of injury, a Class D felony, *inter alia*. The trial court sentenced him as a career offender to twelve years in the Tennessee Department of Correction. On July 28, 2009, the petitioner filed a petition for writ of habeas corpus, alleging that the indictment for evading arrest was insufficient to vest the trial court with jurisdiction. The circuit court dismissed the petition, and the petitioner now appeals. Following our review, we affirm the order of the circuit court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which JERRY L. SMITH and CAMILLE R. McMullen, JJ., joined.

Daniel Livingston, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background

In its opinion disposing of the petitioner's direct appeal, the Tennessee Supreme Court set forth the factual background of this appeal:

On September 20, 2001, a citizen observed his stolen vehicle. As he followed the vehicle into the Edgehill Homes neighborhood, he called the

police. Officer Jeremy Harrell was in the vicinity at the time and received the information from the dispatcher. Harrell observed the vehicle, waved off the owner, and activated his emergency equipment. The vehicle accelerated to thirty-five miles per hour. When the driver failed to stop after a block or so, Harrell activated his siren. At that point a second patrol officer, Vincent Archuleta, joined in the pursuit.

Both officers testified that during the course of the chase, the driver maintained his speed of thirty-five miles per hour, which was not a safe speed in that congested area. He never slowed, made wide turns into oncoming traffic lanes, and passed through six stop signs and one red traffic light without slowing or stopping. Vehicular and heavy pedestrian traffic were in the area during the chase. At one point, "people were just scattering everywhere from the streets," Harrell testified.

The chase ended after several minutes when the driver turned the vehicle into an alley, parked the vehicle at an angle to thwart the pursuing vehicles, and fled on foot. The officers chased and ultimately caught the fleeing driver. After a struggle during which officers subdued him with pepper spray, the driver was arrested. Both officers identified the driver of the fleeing vehicle as the [petitioner].

The [petitioner] was indicted on December 7, 2001, for, among other offenses, Class E felony evading arrest.[1] On March 14, 2002, the State filed a Notice of Enhanced Punishment pursuant to Tennessee Code Annotated section 40-35-202, announcing its intent to seek enhanced punishment and listing fourteen prior convictions upon which it intended to rely to justify such enhanced punishment. Prior to trial, the State filed a superseding indictment that elevated the felony evading arrest count to a Class D felony, which requires proof of an additional element-risk of death or injury to others. Thereafter, during arraignment on the superseding indictment, the trial court transferred all the pleadings from the first indictment into the court file on the second indictment.

Following a jury trial, the [petitioner] was convicted of Class D felony evading arrest. The trial court sentenced him as a career offender to twelve years imprisonment. The [petitioner], while conceding that he had actual notice of his prior convictions and the State's intent to seek enhanced

---

[1] The [petitioner] was also indicted for theft over $1000, misdemeanor evading arrest, possession of drug paraphernalia, and resisting arrest.

punishment based on those convictions, nevertheless argued on appeal to the Court of Criminal Appeals that the first notice had been legally insufficient and that the State's failure to file a second notice after the superseding indictment prevented sentence enhancement beyond the standard Range I sentence. The Court of Criminal Appeals agreed and reduced his sentence to the maximum sentence for a Range I offender convicted of a Class D felony - four years. [The Tennessee Supreme Court] granted the State permission to appeal to resolve the issue - whether the Notice of Enhanced Punishment filed under the initial indictment sufficiently supported the imposition of an enhanced sentence under the superseding indictment.

*State v. Livingston*, 197 S.W.3d 710, 711-12 (Tenn. 2006). The supreme court ruled that the petitioner had sufficient notice of the state's intent to seek enhanced punishment because the felony evading arrest count in the superseding indictment charged the same crime,[2] and the additional element that elevated the charge from a Class E felony to a Class D felony was not fatal to the Notice of Enhanced Punishment. *Id.* at 715-16. The court reinstated the sentence - twelve years as a career offender - imposed by the trial court. *Id.* at 716.

On July 28, 2009, the petitioner filed a petition for writ of habeas corpus, alleging that the indictment for evading arrest was insufficient to vest the trial court with jurisdiction. The habeas court dismissed the petition, finding that the indictment met the requirements of Tennessee Code Annotated section 40-13-202. The petitioner then filed this timely appeal.

**Analysis**

The petitioner contends that the indictment for evading arrest was insufficient to vest the trial court with jurisdiction because it "omitted the [statutory] subsection number which would enable the accused to know the accusation to which answer is required." Specifically, the petitioner argues that the statute provides for three classifications of evading arrest, each containing different elements, and without a subsection designation, the indictment is insufficient to notify the accused of which offense he is being charged.[3] The state responds that the indictment charged a crime sufficient to vest jurisdiction in the trial court, and the

---

[2] The court stated that "[b]oth indictments charged evading arrest from the same officer, on the same date, by the same defendant, under the same statutory code provision." *Livingston*, 197 S.W.3d at 715.

[3] The petitioner, in his reply brief, further claims that the indictment "did not name him . . . as the perpetrator in the body." The petitioner does not make any argument nor provide any citation in support of this allegation. The claim is therefore waived. *See* Tenn. Ct. Crim. App. R. 10(b). We also note that the claim was not presented in the petition for writ of habeas corpus.

indictment gave adequate notice of the charge against which the petitioner must defend. We agree with the state.

The determination of whether to grant habeas corpus relief is a question of law. As such, we will review the habeas corpus court's findings *de novo* without a presumption of correctness. *See Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated section 29-21-101, *et. seq.*, codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

For a petitioner to challenge an indictment in a habeas corpus proceeding, the indictment must be so defective that it fails to vest jurisdiction in the convicting court. *See Wyatt*, 24 S.W.3d at 323. Our supreme court has held that an indictment meets constitutional requirements if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy. *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). In addition, an indictment must state the facts of the offense in ordinary and concise language. *See* Tenn. Code Ann. § 40-13-202. Indictments patterned after the pertinent language of an applicable statute are ordinarily sufficient for constitutional and statutory purposes. *See State v. Hammonds*, 30 S.W.3d 294, 302 (Tenn. 2000).

Included in the record are what appear to be copies of the indictments. The evading arrest indictment reads, in pertinent part:

> [the petitioner] on the 20th day of September, 2001, in Davidson County, Tennessee and before the finding of this indictment, while operating a motor vehicle on any street, road, alley or highway, intentionally did flee from or attempt to elude Officer Jeremy Harrell, after [the petitioner] received a signal from the officer to bring the vehicle to a stop and the flight or attempt to elude created a risk of death or injury to innocent bystanders or other third parties, in violation of Tennessee Code Annotated § 39-16-603, and against the peace and dignity of the State of Tennessee.

Tennessee Code Annotated section 39-16-603 states:

> (a)(1) Except as provided in subsection (b), it is unlawful for any person to intentionally flee by any means of locomotion from anyone the person knows to be a law enforcement officer if the person:
>
> > (A) Knows the officer is attempting to arrest the person; or
> >
> > (B) Has been arrested.
>
> . . . .
>
> (3) A violation of subsection (a) is a Class A misdemeanor.
>
> (b)(1) It is unlawful for any person, while operating a motor vehicle on any street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from the officer to bring the vehicle to a stop.
>
> . . . .
>
> (3) A violation of subsection (b) is a Class E felony unless the flight or attempt to elude creates a risk of death or injury to innocent bystanders or other third parties, in which case a violation of subsection (b) is a Class D felony.
>
> . . . .

The language of the indictment is clearly patterned after Tennessee Code Annotated § 39-16-603(b)(1) and (3).

The petitioner's reliance on *State v. Joe David Sloan*, No. W2000-02861-CCA-R3-CD, 2002 WL 1558586, at *3-5 (Tenn. Crim. App., at Jackson, Jan. 4, 2002), for the proposition that the indictment must indicate which subsection of Tennessee Code Annotated § 39-16-603 is being charged is misplaced. In that case, the indictment did not allege the additional facts necessary to support a charge of felony evading arrest because it did not state that the vehicle was on any street, road, alley or highway in this state or that law enforcement had signaled the driver to stop. The indictment in this matter, however, states all the facts necessary to satisfy the elements of Class E felony evading arrest. It is clear from our review of the indictment that it meets both the constitutional and statutory requirements and is sufficient to vest jurisdiction in the convicting court. Accordingly, the petitioner failed to state a cognizable claim for habeas corpus relief, and the

circuit court did not err in dismissing the petition. The judgment of the circuit court is affirmed.

## Conclusion

Based on the foregoing reasons, we affirm the circuit court's dismissal of the petition for writ of habeas corpus.

_____
J.C. McLIN, JUDGE