# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### MELVIN REED v. JOSEPH EASTERLING, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 09-CR-124      Joseph H. Walker, III, Judge**

---

**No. W2009-01704-CCA-R3-CD  - Filed January 21, 2011**

---

The petitioner, Melvin Reed, appeals the summary dismissal of his petition for writ of habeas corpus relief.  He entered a guilty plea to possession with intent to sell cocaine and was sentenced to ten years incarceration.  On appeal, he argues that the indictment that led to his conviction was void.  The State has moved to affirm the judgment from the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  After careful review, we grant the motion, and the judgment of the trial court is affirmed pursuant to Rule 20.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Melvin Reed, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The petitioner appeals the dismissal of his petition for writ of habeas corpus.  The habeas corpus court summarily dismissed the claims because the petitioner failed to show that he was illegally confined under a void conviction.  The petitioner entered a guilty plea on September 17, 2003, in the Criminal Court for Davidson County.  Following a hearing, he was sentenced to ten years in the Department of Correction.  He filed two post-conviction petitions collaterally attacking the conviction resulting from the guilty plea. He withdrew the first petition after an agreed reduction in his original sentence from ten to eight years during the post-conviction hearing.  This court summarized the facts surrounding the petitioner's guilty plea in the opinion dismissing the second petition for post-conviction relief as

untimely. *See Melvin J. Reed v. State of Tennessee*, No. M2005-02011-CCA-R3-PC, 2006 Tenn. Crim. App. LEXIS 557, **2-6 (Tenn. Crim. App. July 21, 2006).

On appeal, the petitioner contends that the indictment which led to his conviction was void and unable to confer jurisdiction on the convicting court. The State has moved to affirm the judgment from the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals and argues that the language in the indictment adequately advised the petitioner of the charge against him, cited the applicable statute, and vested the trial court with jurisdiction to convict him.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 *et seq.* codify the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a petitioner; or (2) a petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The burden is on the petitioner to establish by a preponderance of the evidence that the challenged judgment is void or that the term of imprisonment has expired. *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291-92 (Tenn. 1964). A trial court may grant a writ of habeas corpus "only when it appears on the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a [petitioner], or that a [petitioner's] sentence of imprisonment or other restraint has expired." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (quoting *Archer v. State*, 851 S.W.2d 157, 158 (Tenn. 1993)). If the petition fails to state a cognizable claim for writ of habeas corpus relief, the trial court may summarily dismiss the petition. T.C.A. § 29-21-109.

The determination of whether habeas corpus relief should be granted is a question of law. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our review is *de novo* with no presumption of correctness given to the findings and conclusions of the lower courts. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (citing *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006)).

The petitioner contends the indictment was invalid. Generally, defenses and objections based on a defective indictment must be raised prior to trial or they are waived. Tenn. R. Crim. P. 12(b)(2). A valid indictment is an essential jurisdictional element without which there can be no prosecution; thus, an indictment that is so defective as to fail to vest jurisdiction in the trial court may be challenged at any stage of the proceedings, including a petition for writ of habeas corpus relief. *Id.* Pursuant to Tennessee Code Annotated section

40-13-202, an indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in a manner so as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment. If the language of the indictment clearly advises the petitioner of the crime for which he is charged, provides a basis for proper judgment, and protects the petitioner from double jeopardy, the indictment comports with the requirements of Tennessee Code Annotated section 40-13-202.

Here, the indictment states that the petitioner:

on the 24th day of May, 2002, in Davidson County, Tennessee and before the finding of this indictment, knowingly did possess with intent to sell or deliver twenty-six (26) grams or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Tennessee Code Annotated [section] 39-17-417, and against the peace and dignity of the State of Tennessee.

The indictment was valid upon its face and conforms with the requirements of the statute. The petitioner has not demonstrated that he is restrained under an invalid or expired sentence. Further, he has failed to attach a copy of the judgment by which he is restrained. The trial court's summary dismissal of the petition for writ of habeas corpus relief was proper.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE