IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 26, 2011

## DEXTER JOHNSON v. DAVID SEXTON, WARDEN

**Direct Appeal from the Criminal Court for Johnson County**
**No. 5722     Lynn W. Brown, Judge**

**No. E2010-02257-CCA-R3-HC - Filed October 11, 2011**

The petitioner, Dexter Johnson, appeals the Johnson County Criminal Court's summary dismissal of his *pro se* petition for the writ of habeas corpus. In 1994, the petitioner pled guilty to two counts of first degree murder, one count of attempted first degree murder, and one count of attempted aggravated robbery, receiving an effective life sentence in the Department of Correction. In the instant petition for habeas corpus relief, the petitioner alleges that his convictions are void based upon the State's failure to provide a factual basis to support the pleas. The habeas corpus court summarily dismissed the petition, concluding that nothing in the petition would support a finding that the convictions were void. On appeal, the petitioner contends that the court erred in its summary dismissal. Following review of the record, we find no error and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, J., and DAVID H. WELLES, Special Judge, joined.

Dexter F. Johnson, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; and Anthony Wade Clark, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

In February 1994, the petitioner entered guilty pleas, in multiples cases, to two counts of first degree murder, and to one count each of attempted first degree murder and attempted aggravated robbery. Pursuant to the agreement, the petitioner was sentenced to two life

sentences for the murder convictions, twenty-five years for the attempted murder conviction, and six years for the attempted aggravated robbery conviction. All sentences were ordered to be served concurrently for an effective sentence of life imprisonment. *Dexter Johnson v. State*, No. 03C01-9503-CR-00088 (Tenn. Crim. App. at Knoxville, Feb. 13, 1996). Thereafter, the petitioner filed a petition for post-conviction relief, contending that his guilty pleas were constitutionally deficient. *Id.* The post-conviction court dismissed the petition, and, on appeal, this court affirmed the dismissal. *Id.* In 2001, the petitioner filed a motion to reopen his petition for post-conviction relief, alleging newly discovered evidence establishing actual innocence. The motion was summarily dismissed by the post-conviction court, and a panel of this court again affirmed that dismissal. *Dexter F. Johnson v. State*, No. E2010-01038-CCA-R3-PC (Tenn. Crim. App. at Knoxville, Oct. 28, 2010).

Subsequently, the petitioner filed multiple petitions for habeas corpus relief, all of which were unsuccessful. *See Dexter Johnson v. Howard Carlton, Warden*, No. 2008-02032-CCA-R3-HC (Tenn. Crim. App. at Knoxville, Jan. 27, 2010); *Dexter Frank Johnson v. Tony Parker, Warden*, No. E2006-00313-CCA-R3-HC (Tenn. Crim. App. at Knoxville, Apr. 30, 2007); *Dexter Frank Johnson v. State*, No. E2004-01260-CCA-R3-HC (Tenn. Crim. App. at Knoxville, Sept. 2, 2004); *Dexter Johnson v. State*, No. 03C01-9707-CR-00241 (Tenn. Crim. App. at Knoxville, Feb. 2, 1999). Following these denials, the petitioner continued his quest for relief by filing a second motion to reopen his petition for post-conviction relief upon grounds that his sentences did not comply with the 1989 Sentencing Reform Act. *Dexter F. Johnson v. State*, No. E2010-01038-CCA-R3-PC. The post-conviction court again denied the motion, and this court affirmed. *Id.*

As previously noted by this court, the petitioner continues to remain "[u]ndaunted by his previous unavailing attempts to obtain relief. . . ." *Dexter Johnson v. Howard Carlton, Warden*, No. 2008-02032-CCA-R3-HC. On August 18, 2010, the petitioner filed the instant petition for the writ of habeas corpus, asserting that his judgments of conviction were void based upon the State's failure to provide a factual basis to support the pleas. The State subsequently filed a motion to dismiss the petition upon grounds that a factual basis was, in fact, stated at the hearing. The habeas court, by written order, summarily dismissed the petition on October 11, 2010. The petitioner timely appeals that decision. On appeal, he contends that: (1) the petition was improperly dismissed; (2) the habeas corpus court misstated a material fact; and (3) the court failed to set forth its reasons for the denial.

## Analysis

The determination of whether habeas corpus relief is proper is a question of law, subject to *de novo* review on appeal, without a presumption of correctness given to the findings of the lower court. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (citing

*Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000); *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006)).

> Habeas corpus relief is available in Tennessee "only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

*Id*. (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

"[A] habeas corpus petition is used to challenge void and not merely voidable judgments." *Summers*, 212 S.W.3d at 255-56. "A void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id*. at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). On the other hand, a "voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id*. "The petitioner has the burden of establishing by a preponderance of the evidence that his judgment is void or that his term of imprisonment has expired." *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). "If the petitioner establishes by a preponderance of the evidence that his conviction is void or that his term of imprisonment has expired, he is entitled to immediate release." *Id*.

A trial court is not required, as a matter of law, to grant the writ or conduct an inquiry into the allegations contained in the petition. T.C.A. § 29-21-109 (2010). If the petition fails on its face to state a cognizable claim, it may be summarily dismissed by the trial court. *State ex. Rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964); *see also* T.C.A. § 29-21-109. "If from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused." T.C.A. § 29-21-109.

In support of his argument for relief, the petitioner's main contention appears to be that the judgments of conviction are void because the State failed to provide a sufficient factual basis to support his guilty pleas. Specifically, he makes reference to the fact that "the only factual basis . . . presented . . . was a series of illegally recorded types [sic] in which Petitioner confesses to the murder in question." Initially, we are rather puzzled by the petitioner's assertions, as nothing in the record, aside from his own statements, in any way references tapes or confessions. Moreover, he also alleges a conflict of interest with counsel prior to the entrance of the plea. Again, nothing in the record, aside from the petitioner's assertions, references any conflict which might possibly have existed. Regardless, these types of complaints are not properly challenged in habeas corpus proceedings as they do not render the judgments void upon their face. In fact, all the challenges raised by the petitioner

are, in essence, merely challenges to the knowing and voluntary nature of the plea, which is not a claim cognizable in a habeas corpus petition. *See Passarella*, 891 S.W.2d at 627.

Moreover, the petitioner's general assertion that he is entitled to relief based upon the lack of a factual basis is simply erroneous. The petitioner is correct that Tennessee Rule of Criminal Procedure 14 states that the court shall ensure that a factual basis for a guilty plea exists. He claims that rule was not complied with in this case because the only recitation given by the State at the hearing was nothing more than "a lengthy theory of guilt, with no mention of specific evidence or witnesses." However, contrary to his contention, the transcript of the guilty plea hearing attached to this record indicates that the State did provide a more than adequate factual basis to support the charged offenses. In fact, the recitation goes into great detail and spans multiple pages in the hearing transcript. The petitioner is attempting to hold the State to a burden of evidence which is simply not required.

Following our review of the record, we conclude that the habeas corpus court properly determined that summary dismissal was proper and so indicated in its order of dismissal. The petitioner is entitled to no relief.

## CONCLUSION

Based upon the foregoing, the denial of habeas corpus relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE

-4-