**STATE of Tennessee, Appellee,**

v.

**Darrell CHASE, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Sept. 29, 1993.

A.C. Wharton, Jr., Public Defender, Rhonda J. Newport (on appeal) and Samuel Perkins (at trial), Asst. Public Defenders, Memphis, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Cyril V. Fraser, for the Office of the Atty. Gen., Nashville, John W. Pierotti, Dist. Atty. Gen., and Jerry R. Kitchens, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

PEAY, Judge.

The defendant was charged in the first indictment with theft, over one thousand dollars ($1000) but under ten thousand dollars ($10,000). Approximately one month later he was reindicted for the same offense. He was found guilty at a jury trial and was sentenced as a Range III persistent offender to eight (8) years in the Department of Correction and fined one thousand dollars ($1000). Upon recommendation of the State, a nolle prosequi was entered on the first indictment.

In this appeal as of right, the defendant challenges the Range III persistent offender sentence because the State's only filing of notice to seek enhanced punishment was on the first indictment. The defendant also challenges the sufficiency of the convicting evidence. We find the defendant's issues to be without merit, and the judgment of the trial court is affirmed.

On November 19, 1991, the victim parked her automobile, valued at three thousand two hundred dollars ($3,200), in her employer's parking lot. After lunch a coworker saw the victim's car being driven away by someone she didn't recognize. The victim reported her car stolen to the police. The car, reportedly being driven in a reckless manner, was

sighted by several police officers. About an hour later the vehicle was found abandoned in the front yard of an apartment building. At trial three police officers testified that they saw the defendant driving the victim's car.

On February 25, 1992, the Shelby County Grand Jury returned indictment number 92–01736, charging the defendant with theft of property. A notice of sentencing status was filed for the indictment on March 11, 1992. On March 17, 1992, the Shelby County Grand Jury returned indictment number 92–02599, charging the defendant with the criminal offense of theft, two counts. The subsequent indictment recharged the original offense in alternative counts. No notice of sentencing status was filed on the second indictment.

The trial on indictment number 92–02599 commenced on May 6, 1992. Indictment number 92–01736 was reset. On May 8, 1992, the jury returned a guilty verdict on indictment number 92–02599. On June 25, 1992, a nolle prosequi was entered on indictment number 92–01736.

On June 25, 1992, the court sentenced the defendant as a Range III persistent offender. The defendant's motions for judgment of acquittal and a new trial were overruled on July 10, 1992, at which time he filed a notice of appeal.[1]

▇▇ In Tennessee, a criminal defendant has the right to receive notice when the State intends to seek enhanced punishment. T.C.A. § 40–35–202(a). The notice is intended to order plea-bargaining, to inform decisions concerning pleadings and to aid in trial strategy. State v. Adams, 788 S.W.2d 557, 559 (Tenn.1990). It is the responsibility of the district attorney to file a notice of the State's desire to seek an enhanced sentence. Failure to file a notice of sentencing status is grounds for resentencing. See State v. Pender, 687 S.W.2d 714, 720 (Tenn.Crim.App. 1984).

▇▇ Although the State filed an enhanced sentence notice under the first indictment, there was no notice filed by the State with respect to the second indictment. The defendant contends that the second indictment, although alleging the same offense as the first indictment, was an entirely separate case. As such, the notice filed in the first indictment was not sufficient notice for the second indictment. We disagree.

The record shows that the second indictment was a reindictment for the same offense as charged in the first indictment. Both indictments applied to the same victim, the same vehicle, the same date and time, the same defendant and the same crime. Thus, the notice filed in the first indictment gave the defendant fair warning that the State intended to seek an enhanced punishment for that crime. Since the defendant was well aware of the existence of both indictments and since both indictments charged the same crime, there was no reason to believe enhanced sentencing would not apply to a conviction under either indictment. The purposes of the act as set out in Adams were accomplished. The defendant was in no way misled or surprised. From the facts it is evident that the intent of T.C.A. § 40–35–202 was fulfilled. This issue is, therefore, without merit.

The defendant also contends that there is insufficient evidence to support the jury verdict. The defendant's argument is based on the testimony of an alibi witness who testified that the defendant was at her home on the day and at the time the car was stolen.

▇▇ When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the proof adduced at the trial is sufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt. T.R.A.P. 13(e). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn.1978).

---

1. Obviously the defendant was aware that the indictments dealt with the same offense because he used the old indictment number (92–01736) in his written motion for judgment of acquittal and a new trial dated July 10, 1992.

Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. *Cabbage,* 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. *State v. Grace,* 493 S.W.2d 474, 476 (Tenn. 1973).

A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *State v. Tuggle,* 639 S.W.2d 913, 914 (Tenn.1982).

The defendant's alibi witness testified that the defendant had spent the entire morning of the day in question at her apartment. However, she further testified that she was not certain of the exact date he had been there and that although she was aware of his arrest, she had not told this story to anyone prior to the trial. Clearly the jury relied on the testimony of the three officers and rejected the testimony of the alibi witness.

From a review of the record in this case, we conclude that the facts are sufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. The defendant has failed to carry his burden.

For the reasons set out above, the trial court is, in all respects, affirmed.

DWYER, J., and CHARLES LEE, Special Judge, concur.