**STATE of Tennessee, Appellee,**

v.

**Ronnie DUNN, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 31, 1995.

H.R. Fallin, Mountain City, for appellant.

Charles W. Burson, Atty. Gen. and Christina S. Shevalier, Asst. Atty. Gen., Nashville, David E. Crockett, Dist. Atty. Gen. and William R. Mooney, Asst. Dist. Atty. Gen., Jonesborough, for appellee.

### OPINION

TIPTON, Judge.

The defendant, Ronnie Dunn, appeals as of right from the sentence he received after his murder case was remanded to the Criminal Court of Washington County. In 1990, the defendant was convicted of felony murder and sentenced to life imprisonment relative to the March, 1989, killing of Kathy Able. The Tennessee Supreme Court reversed the defendant's conviction for felony murder because of insufficient evidence of the underlying felony, imposed a conviction for second degree murder, and remanded the case to the trial court for resentencing. *State v. Ronnie Dunn*, No. 03S01–9211–CR–00104, Washington Co., 1993 WL 339919 (Tenn.

Sept. 7, 1993). In 1994, the trial court entered a judgment of conviction reflecting that the defendant was resentenced to forty years in the custody of the Department of Correction as a Range II, especially aggravated offender pursuant to the Sentencing Reform Act of 1982. In this appeal, the defendant contends (1) that the trial court erred in sentencing him under the 1982 Act instead of the Sentencing Reform Act of 1989 and (2) that the trial court erred in imposing a Range II sentence when the state failed to file a notice of range enhancement before trial as required by T.C.A. § 40–35–202(a). We reverse the imposition of sentence.

■ A detailed account of the facts in this case and its procedural history is unnecessary. Suffice it to say that the record, albeit otherwise unclear, ultimately reflects that the trial court chose to sentence the defendant as a Range II offender under the 1982 Act. At the time the 1982 Act was in effect, a Range II sentence for second degree murder carried a range of punishment from thirty-five years to life imprisonment. *See* T.C.A. §§ 39–2–212 (1982) (repealed 1989) and 40–35–109(b)–(d)(1) (1982) (repealed 1989). However, under the 1989 Act, second degree murder is a Class A felony for which a Range II offender is exposed to a range of punishment from twenty-five years to forty years. *See* T.C.A. §§ 40–35–112(b)(1) and –118.

Pursuant to T.C.A. § 40–35–117(b), a defendant being sentenced while the 1989 Act is in effect for an offense committed while the 1982 Act was in effect is to be sentenced under the 1989 Act, unless such is constitutionally barred. In conjunction therewith, T.C.A. § 39–11–112 provides that if the legislature reduces the penalty for an offense between the time of the offense's commission and sentencing, the defendant is entitled to sentencing under the lesser penalty. Further, in *State v. Pearson,* 858 S.W.2d 879, 884 (Tenn.1993), our supreme court held that:

in order to comply with the ex post facto prohibitions of the U.S. and Tennessee Constitutions, trial court judges imposing sentences after the effective date of the 1989 statute, for crimes committed prior thereto, must calculate the appropriate sentence under both the 1982 statute and the 1989 statute, in their entirety, and then impose the lesser sentence of the two.

The state concedes that the trial court erred because such a procedure was not used in this case. It concurs with the defendant about the need for remanding the case for imposition of a sentence in compliance with *Pearson.*

■ Relative to enhancing the range of sentence, the state filed a notice before the sentencing hearing in this case that it intended to rely upon the defendant's 1977 conviction for first degree murder that he received in Johnson County, Tennessee. If this previous conviction were proven beyond a reasonable doubt, it would justify a Range II, especially aggravated offender status under the 1982 Act and a Range II, multiple offender status under the 1989 Act. *See* T.C.A. §§ 40–35–107(2) (Supp.1988) (repealed 1989) and 40–35–106(a)(2). However, the defendant contends that the state is barred from relying upon the prior conviction to enhance his range of punishment because it did not file an enhancement notice before the convicting trial. He relies upon T.C.A. § 40–35–202(a), which provides that the district attorney general must file "not less than ten (10) days before trial or acceptance of a guilty plea" a statement with the court and the defendant that gives notice of the intent to seek punishment in a higher sentencing range. Needless to say, under this provision the state's notice filed after the remand of this case was untimely.

However, as the state points out, the defendant's prosecution proceeded as a capital case in which he was notified before trial of the state's intent to seek the enhanced penalty of death by electrocution. The record on appeal for the convicting trial reflects that several months before trial, the state provided written notice to the defendant that it intended to prove his prior conviction in 1977 of first degree murder as an aggravating circumstance in order to justify imposition of the death penalty.

In *State v. Adams,* 788 S.W.2d 557, 559 (Tenn.1990), our supreme court explained that the pretrial notice requirement in T.C.A. § 40–35–202(a) was for the purpose of pro-

viding "fair notice to an accused that he is exposed to other than standard sentencing." The court noted that the notice was not only important for sentencing hearing preparation, but was "intended to order plea-bargaining, to inform decisions to enter a guilty plea, and to aid to some extent trial strategy." *Id.* In this respect, we conclude that every purpose for which pretrial notice is required under the statute has been met by the state in this case by the aggravating circumstance notice it filed for the purpose of seeking the death penalty. Moreover, we note that the defendant has not claimed that he suffered any prejudice by the particular notice provided by the state. *See State v. Stephenson,* 752 S.W.2d 80 (Tenn.1988); *State v. Debro,* 787 S.W.2d 932 (Tenn.Crim. App.1989). Thus, the state's previous notice is sufficient to allow it to submit evidence of the defendant's prior first degree murder conviction for the purpose of enhancing his range of punishment under both the 1982 and 1989 Acts.

The trial court's imposition of a sentence under the Sentencing Reform Act of 1982 is reversed. The case is remanded to the trial court for resentencing in compliance with *State v. Pearson.*

SCOTT, P.J., and PEAY, J., concur.