**STATE of Tennessee**

v.

**Daniel W. LIVINGSTON.**

Supreme Court of Tennessee,
at Nashville.

Feb. 2, 2006 Session.

July 28, 2006.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; David H. Findley, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellant, State of Tennessee.

Charles E. Walker, Nashville, Tennessee, for the appellee, Daniel W. Livingston.

**OPINION**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, and CORNELIA A. CLARK, J.J. joined.

The defendant was indicted for evading arrest, a Class E felony. The State filed a Notice of Enhanced Punishment pursuant to Tennessee Code Annotated section 40–35–202, listing fourteen prior convictions by case number, offense, date of offense, and jurisdiction. Thereafter, a superseding indictment was issued elevating the felony evading arrest charge to Class D felony evading arrest. The State did not amend the notice of intent to seek enhancement. A jury convicted the defendant of Class D felony evading arrest, and the trial court sentenced the defendant as a career offender to twelve years for that offense. We granted this appeal to determine whether the Notice of Enhanced Punishment filed under the original indictment was sufficient to inform the defendant of his exposure to enhanced punishment in the event of a conviction for evading arrest. Because we find that such notice was sufficient, we reverse the judgment of the Court of Criminal Appeals and reinstate the trial court's judgment.

### I. Facts and Procedural History

On September 20, 2001, a citizen observed his stolen vehicle. As he followed the vehicle into the Edgehill Homes neighborhood, he called the police. Officer Jeremy Harrell was in the vicinity at the time and received the information from the dispatcher. Harrell observed the vehicle, waved off the owner, and activated his emergency equipment. The vehicle accelerated to thirty-five miles per hour. When the driver failed to stop after a block or so, Harrell activated his siren. At that point a second patrol officer, Vincent Archuleta, joined in the pursuit.

Both officers testified that during the course of the chase, the driver maintained his speed of thirty-five miles per hour, which was not a safe speed in that congested area. He never slowed, made wide turns into oncoming traffic lanes, and passed through six stop signs and one red traffic light without slowing or stopping. Vehicular and heavy pedestrian traffic were in the area during the chase. At one point, "people were just scattering everywhere from the streets," Harrell testified.

The chase ended after several minutes when the driver turned the vehicle into an alley, parked the vehicle at an angle to thwart the pursuing vehicles, and fled on foot. The officers chased and ultimately caught the fleeing driver. After a struggle during which officers subdued him with pepper spray, the driver was arrested. Both officers identified the driver of the fleeing vehicle as the defendant, Daniel Livingston.

The defendant was indicted on December 7, 2001, for, among other offenses, Class E felony evading arrest.[1] On March 14, 2002, the State filed a Notice of Enhanced Punishment pursuant to Tennessee Code Annotated section 40–35–202, announcing its intent to seek enhanced punishment and listing fourteen prior convictions upon which it intended to rely to justify such enhanced punishment. Prior to trial, the State filed a superseding indictment that elevated the felony evading arrest count to a Class D felony, which requires proof of an additional element—risk of death or injury to others. Thereafter, during arraignment on the superseding indictment, the trial court transferred all the pleadings from the first indictment into the court file on the second indictment.

Following a jury trial, the defendant was convicted of Class D felony evading arrest. The trial court sentenced him as a career

---

1. The defendant was also indicted for theft over $1000, misdemeanor evading arrest, possession of drug paraphernalia, and resisting arrest.

offender to twelve years imprisonment. The defendant, while conceding that he had actual notice of his prior convictions and the State's intent to seek enhanced punishment based on those convictions, nevertheless argued on appeal to the Court of Criminal Appeals that the first notice had been legally insufficient and that the State's failure to file a second notice after the superseding indictment prevented sentence enhancement beyond the standard Range I sentence. The Court of Criminal Appeals agreed and reduced his sentence to the maximum sentence for a Range I offender convicted of a Class D felony—four years. We granted the State permission to appeal to resolve the issue—whether the Notice of Enhanced Punishment filed under the initial indictment sufficiently supported the imposition of an enhanced sentence under the superseding indictment.

## II. Standard of Review

■ The question raised is purely one of law. Accordingly, our review is *de novo* with no presumption of correctness given to the lower courts' findings. *State v. Yoreck,* 133 S.W.3d 606, 609 (Tenn.2004) (citing *State v. Davis,* 940 S.W.2d 558, 561 (Tenn.1997)); *State v. Carter,* 121 S.W.3d 579, 584 (Tenn.2003).

## III. Analysis

In Tennessee, the notice requirement for recidivist sentencing provides for mandatory pre-trial notice when the district attorney general seeks to enhance an accused's sentence beyond the range for a standard offender. Tenn.Code Ann. § 40–35–202(a) (1997). This notice requirement dates back to the Tennessee Criminal Sen-

tencing Reform Act of 1982. In its present form, it requires:

> If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea; provided, that notice may be waived by the defendant in writing with the consent of the district attorney general and the court accepting the plea. Such statement, which shall not be made known to the jury determining the guilt or innocence of the defendant on the primary offense, must set forth the nature of the prior felony convictions, the dates of the convictions and the identity of the courts of the convictions.

Tenn.Code Ann. § 40–35–202(a).[2]

■ The purpose of the statutory notice of intent to seek enhanced sentencing is to (a) provide fair notice to an accused that he/she is exposed to other than standard sentencing, (b) to facilitate plea bargaining, (c) to enable the accused to make an informed decision before entering a guilty plea, and (d) to a certain extent, to aid in trial strategy. *State v. Adams,* 788 S.W.2d 557, 559 (Tenn.1990); *State v. Taylor,* 63 S.W.3d 400, 412 (Tenn.Crim.App.2001).

In the years since the notice provision was adopted, our appellate courts have addressed many questions involving subtleties of the statute. For instance, in *State v. Stephenson,* this Court addressed a defect in the timing of the notice, where the notice was filed on the first day of trial. 752 S.W.2d 80, 81 (Tenn.1988). Despite the lateness of the notice, we held that the State's failure to file a timely

---

**2.** *See also* Tenn. R.Crim. P. 12.3(a) ("Written statements of the district attorney giving notice that the defendant should be sentenced to an enhanced punishment ... shall be filed not less than ten (10) days prior to trial. If the notice is filed later than this time, the trial judge shall grant the defendant, upon motion, a reasonable continuance of the trial.")

notice did not prevent the trial court from imposing a sentence in an enhanced range, absent a demonstration of prejudice to the defendant. A majority of this Court held that in the absence of a defense motion for continuance, any objection to the late-filed notice was waived. *Id.*

Similarly, the Court of Criminal Appeals in *State v. Debro*, 787 S.W.2d 932 (Tenn. Crim.App.1989), addressed a defect in the content of the notice. In that case, the notice alleged that the defendant was subject to an enhanced sentence because she was on release status at the time she committed the current offense. The notice specified that the defendant was on parole for a prior conviction when, in fact, she was simply on bail awaiting trial on that charge at the time of the new offense. The court extended *Stephenson's* requirement that the defendant show prejudice resulting from the defect in the content of a notice. *Id.* at 934. Because the defendant had both actual knowledge of her release status and constructive notice of the State's intent through the notice filed in a companion case, the court held there could be no prejudice and affirmed the enhanced sentence in that case. *Id.*

In *Taylor*, 63 S.W.3d at 412, the Court of Criminal Appeals addressed the issue of an allegedly "ambiguous" notice. Taylor complained that while the notice, titled "Notice of Enhancement," included an expressed intent by the District Attorney General to seek enhanced punishment and listed seven of the defendant's prior convictions, it failed to inform him of the particular range within which the State sought enhancement. The court held that " 'when the State has substantially com-plied with Section 40–35–202(a), an accused has a duty to inquire about an ambiguous or incomplete notice and must show prejudice to obtain relief.' " *Id.* at 412 (quoting *Adams*, 788 S.W.2d at 559) (emphasis omitted). In other words, what is required is "fair" notice, not "perfect" notice. *Id.* at 413; *Adams*, 788 S.W.2d at 559.

While "perfect" notice is not required, however, we have strictly applied the requirement of section 40–35–202(a) that *some* notice meeting the minimal requirements of the statute be given. For example, in *State v. Benham*, we held that the notice requirement of this section was distinct from that of Tennessee Rules of Criminal Procedure 16(a)(1)(B), which requires the State, upon request, to furnish to the defendant a copy of the defendant's prior criminal record. 113 S.W.3d 702, 705 (Tenn.2003). In *Benham*, the State's Rule 16 discovery response to the defendant simply stated that "defendant, based on his overall record, is a career offender," and the State had attached to it a photostatic copy of the defendant's criminal record. *Id.* at 705. The response did not indicate that the State intended to seek range enhancement or that the State would rely on such convictions to seek enhancement within the range. We held that such a response did not meet the specific affirmative notice requirements of the notice statute. *Id.*

■ To reiterate, the notice provision of Tenn.Code Ann. § 40–35–202(a) requires, at a minimum, that the State file: (1) written notice,[3] (2) clearly expressing the State's intention to seek sentencing outside

---

3. Although the statute clearly requires written notice, the Court of Criminal Appeals has previously held in the post-conviction context that although a petitioner was not given prior written notice that the State would seek to enhance his punishment, the fact that he had actual knowledge that he would receive a Range II sentence and that he agreed to such sentence as part of a plea bargain agreement meant that he could not later complain on appeal that the recidivist penalty was void for lack of notice. *Brooks v. State*, 756 S.W.2d 288, 291 (Tenn.Crim.App.1988).

of the standard offender range, (3) setting forth the nature of the prior felony conviction, the dates of the convictions, and the identity of the courts of the convictions.

This case presents a previously addressed question, in which notice of enhancement was given on an initial indictment, but a second notice of enhancement was not filed after procedural developments resulted in conviction under a different indictment or for a different charge. *See State v. Carter*, 121 S.W.3d 579 (Tenn. 2003); *State v. Dunn*, 901 S.W.2d 398 (Tenn.Crim.App.1995); *State v. Chase*, 873 S.W.2d 7 (Tenn.Crim.App.1993).

A similar issue was presented in *State v. Carter*, 121 S.W.3d 579 (Tenn.2003). On March 16, 1999, Carter was charged in a two-count indictment with possession with intent to deliver three hundred grams or more of cocaine, a Class A felony, and unlawful carrying of firearm. *Id.* at 583. The State filed a notice of intent to seek enhanced punishment on this indictment. Thereafter, the defendant was charged in a superseding four-count indictment that charged two new offenses—conspiracy to sell three hundred grams or more of cocaine and money laundering—and the lesser-included offense of possession of twenty-six or more grams of cocaine a Class B felony, and unlawful carrying of a firearm. *Id.* at 583. The original indictment was dismissed. No further notice of intent to seek enhanced punishment was filed. Carter was ultimately convicted of the conspiracy to sell cocaine and possession of twenty-six or more grams of cocaine. He was acquitted of the money laundering and weapon charges. At the sentencing hearing, over Carter's objection, the State was permitted to introduce evidence of prior convictions to enhance the sentences to that of a Range II multiple offender. On appeal, Carter argued that he had insufficient notice of the State's intention to seek sentencing as a Range II offender, noting that the first indictment was dismissed and that there was no notice filed on the second indictment. *Id.* at 584.

We affirmed the principle in *Carter* that Tennessee Code Annotated section 40–35–202(a) gives an accused the affirmative right to receive pre-trial notice of the State's intent to seek an enhanced sentence. *Id.* We proceeded to analyze what we perceived to be the critical question of the case: "[W]hether any notice was filed with respect to the indictment on which the defendant went to trial." *Id.* at 585. As to the conviction for sale of cocaine, we concluded that the notice of enhancement filed on the first indictment, which charged sale of three hundred grams or more of cocaine, was sufficient notice of enhancement as to the charge on the second indictment, which charged the lesser-included offense of sale of twenty-six grams or more of cocaine. *Id.* at 586. Specifically we stated: "where both indictments charge the same crime, the defendant has no reason to believe enhanced sentencing would not apply to a conviction under either indictment." *Id.* However, notice filed with respect to an original indictment does *not* extend to a charge contained in a subsequent indictment when that charge was not also alleged in the original indictment. *Id.* Therefore, as to the conspiracy conviction, we held that since this offense was an "entirely new offense" not charged in the first indictment, the initial notice of intent to seek enhanced sentencing was insufficient to place the defendant on notice that he faced enhanced sentencing on that charge. *Id.*

■ We apply the reasoning of *Carter* to the facts of this case. The critical question, then, is whether Class D evading arrest is the "same crime" as Class E evading arrest for purposes of the notice statute. We answer in the affirmative.

The first indictment charged the defendant with evading arrest in violation of Tennessee Code Annotated section 39–16–603 in two separate counts. Specifically, he was accused in count two of the first indictment with Class E felony evading arrest by,

> on the 20th day of September, 2001, in Davidson County, Tennessee and before the finding of this indictment, while operating a motor vehicle on any street, road, alley or highway, intentionally . . . flee[ing] from or attempt[ing] to elude Officer Jeremy Harrell after receiv[ing] a signal from the officer to bring the vehicle to a stop in violation of Tennessee Code Annotated § 39–16–603, and against the peace and dignity of the State of Tennessee.[4]

He was charged in count three of that first indictment with misdemeanor evading arrest by,

> on the 20th day of September, 2001, in Davidson County, Tennessee and before the finding of this indictment, intentionally . . . flee[ing] from Officer Jeremy Harrell, known to him to be a law enforcement officer, and . . . know[ing] the officer was attempting to arrest him, in violation of Tennessee Code Annotated § 39–16–603, and against the peace and dignity of the State of Tennessee.[5]

The superseding indictment charged the defendant with Class D felony evading arrest in violation of Tennessee Code Annotated section 39–16–603 in a single count:

> that [the defendant] on the 20th day of September, 2001, in Davidson County, Tennessee and before the finding of this indictment, while operating a motor vehicle on any street, road, alley or highway, intentionally did flee from or attempt to elude Officer Jeremy Harrell, after [the defendant] received a signal from the officer to bring the vehicle to a stop and the flight or attempt to elude created a risk of death or injury to innocent bystanders or other third parties, in violation of Tennessee Code Annotated § 39–16–603, and against the peace and dignity of the State of Tennessee.[6]

Count two of the second indictment was a re-indictment for felony evading arrest—the same crime charged in count two of the first indictment.[7] Both indictments charged evading arrest from the same officer, on the same date, by the same defendant, under the same statutory code provision. The defendant concedes he had actual knowledge of the sentencing enhancement notice filed in the first indictment. Significantly, he also concedes knowledge that the trial court had transferred all the pleadings from the first indictment—including the enhancement notice—to the court file on the second indictment. "Since the defendant was well aware of the existence of both indictments and since both indictments charged the same crime, there was no reason to believe enhanced sentencing would not apply to a conviction under either indictment." *Chase,* 873 S.W.2d at 9.

Although the language in count two of the second indictment elevated the statutory penalty into a higher class by the additional element that the defendant created a risk of death or injury to innocent bystanders or other third parties, we do not find

---

4. The language of this count tracks the language of Tennessee Code Annotated section 39–16–603(b)(1).

5. The language of this count tracks the language of Tennessee Code Annotated section 39–16–603(a)(1).

6. The language of this count tracks the language of Tennessee Code Annotated section 39–16–603(b)(1) and (3).

7. The misdemeanor evading arrest count was not charged in the second indictment.

this fact fatal to the finding of notice. Clearly, the defendant had fair warning that the State intended to seek enhanced punishment for this crime, accomplishing the purposes of Tennessee Code Annotated section 40–35–202(a). *See Adams,* 788 S.W.2d at 559. To hold otherwise would be to impose a hyper-technical procedural requirement that elevates form over substance. *See Taylor,* 63 S.W.3d at 413 (holding that notice does not have to specify which range—career, persistent, or multiple—applies); *see also State v. Hill,* 954 S.W.2d 725, 728 (Tenn.1997) ("this Court has made reference to 'the growing inclination of the court to escape from the embarrassment of technicalities that are empty and without reason, and tend to defeat law and right.' ") (quoting *State v. Cornellison,* 166 Tenn. 106, 59 S.W.2d 514, 515 (1933)).

### Conclusion

We conclude that the defendant in this case had sufficient notice of the State's intent to seek enhanced sentencing on the offense of felony evading arrest. Accordingly, we reverse the judgment of the Court of Criminal Appeals. The career offender sentence of twelve years, originally imposed by the trial court, is reinstated. Costs of this appeal shall be assessed to the State of Tennessee.