# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### June 12, 2012 Session

## STATE OF TENNESSEE v. TUCSON BIGGS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 08-04860    Chris Craft, Judge**

---

**No. W2011-01182-CCA-R3-CD  - Filed July 20, 2012**

---

A Shelby County jury convicted the Defendant, Tucson Biggs, of voluntary manslaughter. At the sentencing hearing, the State requested that the Defendant be sentenced as a Range II, multiple offender. The Defendant objected, claiming that the State did not comply with Tennessee Code Annotated section 40-35-202(a) by providing notice of its intent to seek an enhanced punishment. The trial court agreed with the Defendant and sentenced him to six years as a Range I offender. On appeal, the State contends that the Defendant was on notice that he would face an enhanced punishment because, before trial, the State filed a notice of intent to seek the death penalty and a notice of intent to impeach the Defendant's testimony with his prior convictions, which satisfied the statutory requirements. After a thorough review of the record and relevant authorities, we agree that the State's filings satisfied the purposes of the statutory notice requirement. As such, we reverse the judgment of the trial court and remand for a new sentencing hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JEFFREY S. BIVINS, and ROGER A. PAGE, JJ., joined.

Claiborne H. Ferguson, Memphis, Tennessee, for the appellee, Tucson Biggs.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Amy P. Weirich, District Attorney General, and Patience Branham, Assistant District Attorney General, for the appellant, State of Tennessee.

## OPINION

## I. Facts
### A. Procedural History

This case arises from the Defendant's involvement in the death of his girlfriend, Angela Baker. In July 2008, a Shelby County grand jury indicted the Defendant for the first degree murder of Baker. On September 11, 2008, the State filed a "Notice of Aggravating Circumstances," stating its intent to seek the death penalty if the Defendant received a conviction for first degree murder. In that notice, the State relied on the following aggravating circumstance to support the State's death penalty request: "The [D]efendant was previously convicted of one (1) or more felonies, other than the present charge, whose statutory elements involve the use of violence to the person." Also on September 11, 2008, the State filed a "Notice of Impeachment Convictions Pursuant to Rule 609(a)(3) Tennessee Rules of Evidence," stating its intent to offer the Defendant's prior convictions for the purpose of impeachment, should the Defendant testify on his own behalf. The following convictions were listed in the notice of impeachment: (1) "Criminal Attempt Esp. Agg. Robbery - Class B Felony - 12 years" and (2) "Criminal Attempt - Mid-Class A Felony - 15 years." The notice of impeachment listed June 29, 1994, as the conviction date for both offenses. After hearing the evidence, the jury convicted the Defendant of the lesser-included offense of voluntary manslaughter.

### B. Sentencing Hearing

The trial court held a sentencing hearing, and the State presented certified copies of two of the Defendant's prior convictions, attempted especially aggravated robbery and attempted first degree murder. Based on those two prior convictions, the State requested that the Defendant be sentenced as a Range II offender. The Defendant, through counsel, objected to the State's request, arguing that the State did not provide notice under Tennessee Code Annotated section 40-35-202(a) that it would seek an enhanced sentence. The Defendant contended that the trial court, therefore, "would be limited only to sentence within Range I." The State responded that it satisfied the statutory requirement and, therefore, put the Defendant on notice of its intention to seek an enhanced sentence when it filed the death penalty notice, which stated that the Defendant had previously been convicted of one or more felonies involving violence to the person, and the notice of impeachment, which specifically listed the Defendant's prior convictions.

After hearing arguments from both sides, the trial court acknowledged that both parties knew of the Defendant's prior convictions, as detailed on the notice of impeachment, and "[defense counsel] knew that [the Defendant] was subject to enhanced punishment." The trial court, however, stated that "[t]he question is whether or not the [D]efendant [was] put on notice that if he [was] convicted of anything less than murder in the first degree, . . .

the State is going to ask for an enhanced sentence." Citing Tennessee Code Annotated section 40-35-202(a) and *State v. Livingston*, 197 S.W.3d 710 (Tenn. 2006), the trial court found, "purely as a question of law," that the State did not comply with the statutory requirements. Specifically, the trial court held that, "because the State filed a written notice which has [] two convictions on them . . . for impeachment purposes[,] [the trial court is] just not sure that that complied with an enhanced punishment notice." The trial court then sentenced the Defendant as a Range I, standard offender, to six years imprisonment, to be served at the county workhouse.

It is from this judgment that the State now appeals.

## II. Analysis

On appeal, the State contends that the Defendant had notice that he would face an enhanced punishment because, before trial, it filed a notice of intent to seek the death penalty and a notice of intent to impeach the Defendant's testimony with his prior convictions, both of which satisfied the notice requirement provided in Tennessee Code Annotated section 40-35-202(a). The State argues that, because it filed an adequate notice of intent to seek an enhanced sentence, the Defendant should have been sentenced as a Range II offender. The Defendant argues that, even though the State provided both a death penalty notice and a notice of impeachment, neither notice adequately complied with Tennessee Code Annotated section 40-35-202(a). We respectfully disagree with the Defendant.

When the length, range or manner of service of a sentence is challenged, this Court must conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d) (2010). As the Sentencing Commission Comments to this section note, the burden is now on the appealing party to show that the sentencing is improper. T.C.A. § 40-35-401, Sentencing Comm'n Cmts (2010). This means that if the trial court followed the statutory sentencing procedure, made findings of facts which are adequately supported in the record, and gave due consideration to the factors and principles relevant to sentencing under the Sentencing Act, the appellate court may not disturb the sentence even if a different result was preferred. T.C.A. § 40-35-103 (2010); *State v. Ross*, 49 S.W.3d 833, 847 (Tenn. 2001).

The presumption, however, does not apply to the legal conclusions reached by the trial court in sentencing a defendant or to the determinations made by the trial court which are predicated upon uncontroverted facts. *State v. Dean*, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); *State v. Butler*, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); *State v. Smith*, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994). The question raised in this case is purely one of law; therefore, our review is *de novo* with no presumption of correctness given to the

findings of the lower court. *State v. Yoreck*, 133 S.W.3d 606, 609 (Tenn. 2004) (citing *State v. Davis*, 940 S.W.2d 558, 561 (Tenn. 1997)); *State v. Carter*, 121 S.W.3d 579, 584 (Tenn. 2003).

Tennessee law requires the State to provide written notice to a defendant that the State intends to seek enhanced punishment if the defendant is convicted. T.C.A. § 40-35-202(a) (2010). The notice must be given at least ten days before trial or the acceptance of a guilty plea and should provide the types of convictions, dates of convictions, and identity of the courts of conviction. *Id.* Our Supreme Court, in *State v. Livingston*, explained the purpose of this statute:

> The purpose of the statutory notice of intent to seek enhanced sentencing is to (a) provide *fair notice* to an accused that he/she is exposed to other than standard sentencing, (b) to facilitate plea bargaining, (c) to enable the accused to make an informed decision before entering a guilty plea, and (d) to a certain extent, to aid in trial strategy.

197 S.W.3d 710, 712 (Tenn. 2006) (emphasis added) (citing *State v. Adams*, 788 S.W.2d 557, 559 (Tenn. 1990)). When a detail of the required information is omitted or incorrect, the inquiry should be whether the notice was "materially misleading." *Adams*, 788 S.W.2d at 559. Our Supreme Court specifically held that "when the State has substantially complied . . . , an accused has a duty to inquire about an ambiguous or incomplete notice and must show prejudice to obtain relief." *Id.* Further, this Court has concluded that the purposes of the notice requirement are satisfied when the defendant is not misled or surprised by the State's decision to seek enhanced sentencing. *State v. Chase*, 873 S.W.2d 7, 9 (Tenn. Crim. App. 1993).

In sentencing, the trial court is to impose a sentence within the range of punishment as determined by the Defendant's offender status. T.C.A. § 40-35-210(c) (2010); *see* T.C.A. § 40-35-105(b), Sentencing Comm'n Cmts (2010) ("[T]he various classes of felonies are divided into three ranges for determining the maximum and minimum available penalties. The first range is called 'Range I' and is available for defendants who are not classified in one of the other ranges. Pursuant to § 40-35-501(c), the release eligibility percentage for such an offender is 30 percent."). As applicable in this case, Range II offender status is reserved for "multiple offenders," which includes those who have received a "minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes." T.C.A. § 40-35-106(a) (2010).

**A. Absence of Notice**

4

We must decide whether the notices filed by the State before trial, specifically the notice of intent to seek the death penalty and the notice of intent to use the Defendant's prior convictions for impeachment purposes, satisfied the purpose of filing a notice of intent to seek enhanced punishment as required by Tennessee Code Annotated section 40-35-202(a). The State relies on *State v. Dunn*, 901 S.W.2d 398 (Tenn. Crim. App. 1995), to support its argument. In *Dunn*, the State, prior to trial, filed a notice of intent to seek an enhanced penalty of death. The defendant was convicted of felony murder, but the Tennessee Supreme Court reversed that conviction, imposed a conviction for second degree murder, and remanded the case for resentencing. *Dunn*, 901 S.W.2d at 398-99. Based on his prior convictions, the trial court enhanced the defendant's sentence at the resentencing hearing, sentencing him as a Range II offender. *Id.* at 399. The defendant in *Dunn* contended that the trial court erred by imposing an enhanced sentence on the second degree murder conviction because the State failed to file a notice of enhanced punishment prior to trial as required by Tennessee Code Annotated section 40-35-202(a). *Id.* This Court, however, disagreed, holding "that every purpose for which pretrial notice [was] required under the statute has been met by the [S]tate in this case by the aggravating circumstance notice it filed for the purpose of seeking the death penalty." *Id.* at 400.

In the present case, the State intended to seek that the Defendant's punishment be enhanced from life to death based on two prior felony convictions. Although for another purpose, the State detailed those felonies in its notice of impeachment. As mentioned above, our Supreme Court stated that the purpose of the pretrial notice requirement in Tennessee Code Annotated section 40-35-202(a) is to "provide fair notice to an accused that he/she is exposed to other than standard sentencing." *Livingston*, 197 S.W.3d at 712 (citing *Adams*, 788 S.W.2d. at 559). Further, the purpose of the notice requirement is satisfied when the defendant is not misled or surprised by the State's decision to seek enhanced sentencing. *Chase*, 873 S.W.2d at 9. Both sides agree that the Defendant in this case was apprised of the State's intent to use his prior violent felony convictions to seek the death penalty; therefore, it is illogical for the Defendant to assume that the State would abandon its intention to seek an enhanced punishment based on these same prior violent felony convictions just because the Defendant was convicted of a lesser-included offense. The Defendant knew about his prior convictions, and he did not object when they were presented as support for the State's notice of intent to seek the death penalty. Therefore, the Defendant was neither surprised nor misled by the State's request that he receive an enhanced sentence for his voluntary manslaughter conviction. As a result, as we held in *Dunn*, the State in this case satisfied the purpose of the pretrial notice requirement, as detailed in Tennessee Code Annotated section 40-35-202(a), when it filed the notice of aggravating circumstances for its intention to seek the death penalty. Thus, we conclude that the State provided notice to the Defendant of its

intent to seek enhanced punishment.[1]

## B. Content of the Notice

Although we conclude that the State provided notice to the Defendant, we must determine whether that notice adequately satisfied the statutory requirements. Tennessee Code Annotated section 40-35-202(a) states that the notice "must set forth the nature of the prior felony convictions, the dates of the convictions and the identity of the courts of the convictions."

In this case, the State filed two documents prior to trial. It filed, first, a "Notice of Aggravating Circumstances," stating its intent to seek the death penalty. The notice stated that "[t]he [D]efendant was previously convicted of one (1) or more felonies, other than the present charge, whose statutory elements involve the use of violence to the person." Second, the State filed a "Notice of Impeachment Convictions Pursuant to Rule 609(a)(3) Tennessee Rules of Evidence." The notice of impeachment listed the following convictions: (1) "Criminal Attempt Esp. Agg. Robbery - Class B Felony - 12 years" and (2) "Criminal Attempt - Mid-Class A Felony - 15 years." The notice of impeachment listed June 29, 1994, as the conviction date for both offenses. In summary, the death penalty notice generally stated that the Defendant had been convicted of one or more felonies and the notice of impeachment contained more detailed information, including specific convictions and the dates of those convictions. We note that neither notice, however, listed the convicting court.

In *State v. Livingston*, our Supreme Court held that "what is required is 'fair' notice, not 'perfect' notice." 197 S.W.3d at 713 (quoting *Adams*, 788 S.W.2d at 559; *State v. Taylor*, 63 S.W.3d 400, 413 (Tenn. Crim. App. 2001)). Our Supreme Court continued, "[w]hile 'perfect' notice is not required, however, we have strictly applied the requirement of section 40-35-202(a) that *some* notice meeting the minimal requirements of the statute be given." *Livingston*, 197 S.W.3d at 713 (emphasis in original). Further, the Supreme Court has held that "when the State has substantially complied with Section 40-35-202(a), an accused has a duty to inquire about ambiguous or incomplete notice and must show prejudice to obtain relief." *Adams*, 788 S.W.2d at 559.

Contrary to the trial court's finding, we hold that the State "substantially complied" with the statutory requirements. *See id.* With the combination of both the death penalty notice and the impeachment notice, the Defendant was aware of the nature of his two felony

---

[1] Although we conclude that the State provided sufficient notice under the facts of this case, we recognize that the better practice in this case would have been for the State to file a separate, specific notice pursuant to Tennessee Code Annotated section 40-35-202(a).

convictions, the dates of those convictions, and the fact that they amounted to an aggravating circumstance that made him eligible for enhanced punishment. The information provided by the State in its pretrial notices gave the Defendant "fair notice" that the State was seeking an enhanced punishment of the death penalty for a conviction of first degree murder, and it stands to reason that the State would also be seeking an enhanced punishment for a conviction on any lesser-included offense. Furthermore, the Defendant in this case made no inquiry into the "ambiguous or incomplete" nature of the original notice, and we are unable to find any prejudice that the Defendant may have suffered as a result of any inadequacy of the notice. *See id.* We conclude that the documents in question provided adequate notice to the Defendant.

### III. Conclusion

After a thorough review of the record and relevant authorities, we reverse the judgment of the trial court and remand the case for a new sentencing hearing consistent with this opinion.

_____
ROBERT W. WEDEMEYER, JUDGE