IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2018

**STATE OF TENNESSEE v. JAMES ALLEN GOOCH, JR.**

**Appeal from the Criminal Court for Sumner County**
**No. 792-2009      Dee David Gay, Judge**

_____

**No. M2017-01885-CCA-R3-CD**

_____

A Sumner County jury convicted James Allen Gooch, Jr., Defendant, of sale of 0.5 ounces or more of marijuana within one thousand feet of a Drug-Free Zone and the attempt to sell 0.5 grams or more of cocaine. The trial court sentenced Defendant, as a Range III persistent offender, to an effective sentence of twenty-seven years. After Defendant filed a Tennessee Rule of Criminal Procedure 36.1 motion, the trial court determined that Defendant's sentence was void and ordered a new sentencing hearing. The trial court then sentenced Defendant, as a Range II multiple offender, to a total effective sentence of sixteen years. On appeal, Defendant argues that the State waived the ability to seek a Range II sentence when it filed a notice of intent to seek a Range III sentence. He further argues that the trial court did not have jurisdiction to convict or sentence him because the State did not have an arrest warrant charging him with the present offenses. Lastly, he asserts in his reply brief that the State "committed a fraud upon the court" because his resentencing was based upon a presentence report that was erroneously admitted without personal knowledge. After a thorough review of the facts and applicable case law, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

James Allen Gooch, Jr., Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Ray Whitley, District Attorney General; and Lytle A. James, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## I. Factual and Procedural History

Defendant was found guilty by a Sumner County jury of the sale of 0.5 ounces or more of marijuana within one thousand feet of a Drug-Free Zone, a Class D felony, in Count 1, and the attempt to sell 0.5 grams or more of cocaine, a Class C felony, in Count 2. The trial court sentenced Defendant as a Range III persistent offender to consecutive terms of twelve years for Count 1 and fifteen years for Count 2, to be served consecutively to the sentence in another Sumner County case, docket number CR538-05, from January 2007.

In Defendant's direct appeal, this court determined "that the trial court properly sentenced" Defendant and affirmed the judgments. *State v. James Allen Gooch*, No. M2011-01135-CCA-R3-CD, 2012 WL 4358195, at *1 (Tenn. Crim. App. Sept. 25, 2012). Defendant then sought post-conviction relief, which was denied. This court affirmed that denial on appeal. *James Allen Gooch v. State*, No. M2014-00454-CCA-R3-PC, 2015 WL 498724, at *1 (Tenn. Crim. App. Feb. 4, 2015). Defendant next filed a Tennessee Rule of Criminal Procedure Rule 36.1 motion claiming he was not provided pretrial jail credits. The trial court summarily dismissed the motion and this court affirmed the dismissal. *State v. James Allen Gooch*, No. M2016-00359-CCA-R3-CD, 2016 WL 6609712, at *1 (Tenn. Crim. App. Nov. 9, 2016).

On March 15, 2017, Defendant filed another motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, this time claiming that the trial court had erroneously considered a prior misdemeanor conviction in determining his status as a Range III persistent offender. In an order filed on April 4, 2017, the trial court found "that the [Defendant] is absolutely correct in his claim that this court imposed improper sentences," declared that the sentences were "void," and ordered "another sentencing hearing on these convictions."[1]

In the subsequent sentencing hearing, Blake Mohammed of the Tennessee Department of Correction Probation and Parole Division testified that he prepared Defendant's presentence report. Mr. Mohammed stated that Defendant refused to cooperate with the preparation of the report. Mr. Mohammed also testified about Defendant's criminal behavior while in prison, including possession of a deadly weapon as an inmate.

---

[1]We note that the State did not appeal the trial court's order granting Defendant's Rule 36.1 motion, nor did the State claim in this appeal that the trial court erred in finding that Defendant's sentences were illegal and in granting a new sentencing hearing. We will therefore limit our analysis to the sentencing issues raised by Defendant in this appeal.

The trial court considered the following prior convictions in its resentencing determination:

| Offense | Offense Date | Sentence |
|---|---|---|
| Possession of cocaine | July 8, 2005 | 10 years<br>Defendant was on parole at the time of this offense. |
| Possession of cocaine | November 20, 2002 | 8 years |
| Aggravated burglary | August 31, 1999 | 5 years |
| Aggravated burglary | August 31, 1999 | 5 years |

Defendant argued against any resentencing, claiming that because the State filed a notice of intent to seek a Range III sentence prior to his initial sentencing, the State waived any ability to seek resentencing as a Range II offender. Defendant also argued that the original indictment was defective because he was never served with an arrest warrant. The State explained that, for the original trial, it sought to have Defendant sentenced as a career offender, but the trial court sentenced him as a Range III persistent offender.

The trial court rejected Defendant's argument regarding the State's ability to seek a Range II sentence for Defendant. The trial court considered the two offenses from August 31, 1999, as one offense for the purposes of finding Defendant's sentencing range. The trial court determined that Defendant was a Range II multiple offender and noted that his sentencing range for Count 1 was four to eight years with a release eligibility of thirty-five percent. The trial court stated that Defendant must serve the minimum sentence of four years at one hundred percent pursuant to Tennessee Code Annotated section 39-17-432(c). Defendant's range for Count 2 was six to ten years at thirty-five percent.

The trial court found that Defendant committed the present offenses while on parole and applied that enhancement factor. The trial court found no mitigating factors. In considering the purposes and principles of sentencing, the trial court relied on the need to order a sentence "that's just in relation to the fact that we are at war in a drug war." It further noted the need for punishment "sufficient to prevent crime and promote respect for law." The trial court noted Defendant's lack of potential for rehabilitation, including his lack of cooperation in the preparation of the presentence report.

Due to Defendant's long history of criminal conduct, criminal conduct while incarcerated, and previous failures to abide by the terms alternative sentencing, the trial court determined that confinement was appropriate "to avoid depreciating the seriousness

- 3 -

of the offense" and to "provide an effective deterren[t] to others likely to commit similar offenses."

In considering consecutive sentencing, the trial court determined that Defendant had an extensive record of criminal activity. The trial court resentenced Defendant as a Range II multiple offender to consecutive terms of six years and ten years, for a total effective sentence of sixteen years, to be served consecutively to the sentence for which he was on parole at the time he committed the present offenses.

Defendant now timely appeals his sentences.

## II. Analysis

Defendant asserts that the trial court erred by sentencing him as a Range II multiple offender because the State waived the ability to seek a Range II sentence when it filed a notice of intent to seek a Range III sentence. He further argues that the trial court did not have jurisdiction to convict or sentence him because the State did not have an arrest warrant charging him with the present offenses. Finally, Defendant argues that the State "committed fraud on the court" by allowing Mr. Mohammed to testify to a presentence report prepared by Sumner County probation officer Carolyn Megar. The State argues that the trial court properly sentenced Defendant as a Range II offender, and that the trial court had jurisdiction. We agree with the State.

When the record clearly establishes that the trial court imposed a sentence within the appropriate range after a "proper application of the purposes and principles of our Sentencing Act," this court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2017). The party challenging the sentence on appeal bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40-35-401 (2017), Sentencing Comm'n Cmts.

To facilitate meaningful appellate review, the trial court must state on the record the factors it considered and the reasons for imposing the sentence chosen. Tenn. Code Ann. § 40-35-210(e) (2017); *Bise*, 380 S.W.3d at 706. While the trial court should consider enhancement and mitigating factors, such factors are advisory only. *See* Tenn. Code Ann. § 40-35-114 (2017); *see also Bise*, 380 S.W.3d at 699 n.33, 704; *State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008). A trial court's "misapplication of an enhancement or mitigation factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005." *Bise*, 380 S.W.3d at 706.

*A. Waiver of Range II Sentence*

Defendant relies on *State v. Mahler*, 735 S.W.2d 226 (Tenn. 1987) and *State v. Watkins*, 804 S.W.2d 884 (Tenn. 1991) to support his claim that the State waived the right to sentence him as a Range II offender because it filed a notice of intent to seek a Range III sentence. The State responds that there is no such waiver provision present in *Mahler* and *Watkins*. We agree with the State.

Pursuant to Tennessee Code Annotated section 40-35-202(a), the State is required to file a notice of intent to seek a sentence other than as a standard offender. Section 40-35-202(a) states the following, in pertinent part: "If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea." Even if the State does not file a timely notice of intent to seek an enhanced punishment as a Range II offender, "any error which might have occurred [would be] harmless and would not vitiate the sentence unless the accused could show some prejudice because of the late filing." *State v. Stephenson*, 752 S.W.2d 80, 81 (Tenn. 1988). Moreover, this court has held that the defendant must establish that he was prejudiced by a defect in the notice of intent to seek an enhanced punishment before relief can be granted. *State v. Debro*, 787 S.W.2d 932, 934 (Tenn. Crim. App. 1989).

The cases upon which Defendant relies are inapplicable to his case. First, in *Mahler*, the State reduced Defendant's charge from first-degree murder to second-degree murder and agreed to seek a sentence for a Range II aggravated offender as a part of a plea negotiation. *Mahler*, 735 S.W.2d at 227. Our supreme court stated:

> [A]ny question as to the classification of appellant as a Range II offender or as to his release eligibility was waived by the guilty plea. . . . [A]t most[,] [the classification] rendered the sentence subject to attack on direct review by appeal. Appellant waived any right of appeal in the guilty plea proceedings.

*Id*. at 228.

Second, in *Watkins*, pursuant to a plea agreement, Defendant was improperly sentenced as a Range I offender instead of a Range II offender. *Watkins*, 804 S.W.2d at 884. This court determined on direct appeal that, because defendant had been on parole at the time of his offense, he could only be sentenced as a Range II offender. *Id*. Upon further review, our supreme court noted, "The same waiver rule that was invoked against the defendant in *Mahler* should apply equally to the state, especially where, as here, it

- 5 -

enters into a negotiated plea agreement and thus actively encourages the trial court to set the defendant's sentence in the 'wrong' range." *Id*. at 886.

Both *Mahler* and *Watkins* involved an agreed-upon plea negotiation in which either the defendant or the State waived the ability to challenge the sentence after the fact. No such plea agreement exists in the present case.

This court addressed an issue similar to Defendant's assertion in *Richard Madkins v. State*, No. W2012-02450-CCA-R3-HC, 2013 WL 5761397, at *1 (Tenn. Crim. App. July 2, 2013), *perm. app. denied* (Tenn. Dec. 10, 2013). In *Richard Madkins*, the defendant sought habeas corpus relief on the grounds that the State had waived Range I sentencing when it filed a notice of intent to seek Range III punishment. *Id*. This court noted that *Mahler* and *Watkins* were distinguishable from *Richard Madkins*:

> The Petitioner next argues that his sentence violates the "waiver rule announced in *Stave v. Mahler,* 735 S.W.2d 226 (Tenn. 1987)." The Petitioner apparently interprets *Mahler*'s "waiver rule" to mean that if a defendant can waive range classification, then the State's filing of a notice of intent to seek a certain sentencing range limits a trial court's jurisdiction to sentencing him at the range the State is seeking. The Petitioner's argument relies on an interpretation of *Mahler* in *State v. Watkins,* 804 S.W.2d 884, 886 (Tenn. 1991). Both *Mahler* and *Watkins,* however, are distinguishable from the instant case.
>
> First, *Mahler* was a post-conviction appeal, and *Watkins* was a direct appeal. Furthermore, both sentences in those cases were imposed as the result of [negotiated] guilty pleas instead of jury verdicts. Since the Petitioner's conviction was the result of a jury verdict, neither *Mahler* nor *Watkins* [is] determinative of our inquiry.

*Id.* at *4.

Moreover, in Defendant's direct appeal, this court explained that notice of the State's intent to seek a sentence as a career offender was sufficient for Defendant's lesser sentence as a Range III persistent offender. *State v. James Allen Gooch, Jr*., No. M2011-01135-CCA-R3-CD, 2012 WL 4358195, at *13-14 (Tenn. Crim. App. Sept. 25, 2012), *perm. app. denied* (Tenn. Jan. 15, 2013). This court stated the following, in pertinent part:

> On September 3, 2009, the State filed a notice of intent to seek enhanced punishment, pursuant to Tennessee Code Annotated section 40-

35-202(a). . . . The notice to seek enhancement also stated that, if found guilty, the court should sentence [Defendant] as a career offender. . . .

. . . .

The notice filed by the State gave "fair notice to accused that he is exposed to other than standard sentencing." [*State v. Adams*, 788 S.W.2d 557, 559 (Tenn. 1990).] . . . Furthermore, [Defendant] was not misled or surprised by the State's seeking enhanced punishment. Thus, the notice accomplished the purpose of the statute. *See State v. Chase,* 873 S.W.2d 7, 9 (Tenn. Crim. App. 1993). "We may assume that [Defendant] was aware of his own extensive criminal history prior to trial and note that he has failed to show any prejudice arising from a lack of knowledge about which particular range the State was contemplating to seek for purposes of sentencing." *State v. Taylor,* 63 S.W.3d 400, 413 (Tenn. Crim. App. 2001). . . . Based on his prior convictions, the trial court sentenced [Defendant] within the appropriate range, which was actually a lesser range than that listed on the notice of intent to seek enhanced punishment. Accordingly, we conclude that the trial court did not err in sentencing [Defendant] as a persistent offender. [Defendant] is not entitled to relief on this issue.

*Id.* at *12, 14.

At the resentencing hearing, Defendant received a lesser sentence as a Range II offender than he previously received as a Range III offender. Therefore, because he received a lesser sentence at his resentencing hearing than he had notice for at trial, Defendant cannot show prejudice from a lack of notice of intent to seek a Range II sentence. Because Defendant's classification as a Range II offender is not the result of a negotiated plea, because offender classification is non-jurisdictional, and because Defendant had prior notice that the State would seek other than a standard sentence, the State did not waive the ability to seek enhanced sentencing, and Defendant is not entitled to relief.

### B. Sentencing Jurisdiction

"Sentencing is jurisdictional and must be executed in compliance with the 1989 [Sentencing] Act." *McConnell v. State,* 12 S.W.3d 795, 798 (Tenn. 2000). Defendant argues that "the trial court did not have jurisdiction to convict or sentence [him] because the State did not have an arrest warrant charging him with these offenses." Defendant relies on *State v. Jones*, 512 S.W.3d 258 (Tenn. Crim. App. 2016) to support his argument. This court stated in *Jones*:

[T]he form affidavit of complaint did not conform to the requirements of an arrest warrant. Chiefly, it did not contain an "order that the defendant be arrested and brought before the nearest appropriate magistrate in the county of arrest." Tenn. R. Crim. P. 4(c)(1)(E). It appears that the form affidavit of complaint was drafted under the mistaken belief that attaching a "probable cause determination" to the affidavit of complaint was sufficient to commence prosecution for warrantless arrests. This is evidenced by the fact that beneath the "probable cause determination," options for an arrest warrant or criminal summons to "issue" were listed but they were left unchecked in favor of a notation that the defendant had been "arrested without warrant."

*Id.* at 263.

In *Jones*, a notary public, rather than a qualified judicial officer, signed the affidavit of complaint. *Id*. Therefore, the *Jones* affidavit was invalid because it did not meet procedural and constitutional requirements. *Id*. at 264. Thus, any arrest warrant issuing from the *Jones* affidavit would have also been invalid. *Id*. Defendant's case is distinguishable from *Jones* because the clerk, who was authorized to issue the arrest warrant as a qualified judicial officer, signed both the affidavit of complaint and the arrest warrant. *See* Tenn. R. Crim. P. 4(a) (stating "the magistrate *or clerk* shall issue an arrest warrant") (emphasis added); *see generally Jones*, 512 S.W.3d at 264. The affidavit of complaint in the present case has a properly issued "order that the defendant be arrested[.]" Tenn. R. Crim. P. 4(c)(1)(E). Therefore, the arrest warrant is valid, and Defendant is not entitled to relief.

## C. Presentence Report

Defendant argues in his reply brief that the State "committed a fraud upon the court" because his resentencing was based upon a presentence report admitted without personal knowledge. Specifically, Defendant asserts that the presentence report was prepared by Ms. Megar but introduced by Mr. Mohammed at the resentencing hearing.[2]

---

[2] In Defendant's reply brief, he states that "the State[] committed fraud on the trial court by introducing the March 22, 2011 presentence report that was prepared by Carolyn Megar and not by Blake Mohamed [sic] into evidence as Exhibit 1. The State allowed Mr. Mohamed [sic] to testif[y] to Ms. Megar['s] 13[-]page[] presentence report instead of the incomplete[] presentence report he had prepared himself[.]" (internal citation omitted). While Defendant does not specifically claim lack of personal knowledge on the part of Mr. Mohammed, we infer this from his arguments.

First, we note that Defendant did not assert this argument until his reply brief, and his argument is therefore waived. *See State v. Walter Francis Fitzpatrick, III*, No. E2014-01864-CCA-R3-CD, 2015 WL 5242915, at *8 (Tenn. Crim. App. Sept. 8, 2015), *perm. app. denied* (Tenn. Feb. 18, 2016); *see also Caruthers v. State*, 814 S.W.2d 64, (Tenn. Crim. App. 1991) ("A reply brief is limited in scope to a rebuttal of the argument advanced in the appellee's brief. An appellant cannot abandon an argument advanced in his brief and advance a new argument to support an issue in the reply brief.").

Further, Defendant did not object at the sentencing hearing to the admission of the presentence report as an exhibit or to any of the report's contents. "The failure to make a contemporaneous objection constituted waiver of the issue on appeal." *State v. Gilley*, 297 S.W.3d 739, 762 (Tenn. Crim. App. 2008). Therefore, the issue is waived on this ground as well. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party . . . who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error"); *see also State v. Joshua Lishun Brewer*, No. E2015-02178-CCA-R3-CD, 2016 WL 6087677 at *5 (Tenn. Crim. App. Oct. 18, 2016) (concluding that the defendant waived an argument by failing to "object at the sentencing hearing to the admission of the presentence report as an exhibit or to any of the report's contents"), *no perm. app. filed*.

## II. Conclusion

For the aforementioned reasons, we affirm the judgments of the trial court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE