IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 17, 2017

**STATE OF TENNESSEE v. JOHN BRICHETTO**

**Appeal from the Criminal Court for Morgan County**
**No. 2011-CR-41A      Paul G. Summers, Senior Judge**

_____

**No. E2016-01675-CCA-R3-CD**
_____

In 2012, a Morgan County jury found the Defendant, John Brichetto, guilty of theft of property valued at more than $60,000. The trial court sentenced the Defendant to ten years of incarceration and ordered him to pay $142,215 in restitution to the victim. In 2016, the Defendant filed one of several motions pursuant to Tennessee Rule of Criminal Procedure 36.1, seeking to correct an illegal sentence. The trial court summarily denied Rule 36.1 relief. On review, having determined that the Petitioner has failed to state a colorable claim for Rule 36.1 relief, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J. and JOHN EVERETT WILLIAMS, J., joined.

John Brichetto, Pikeville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; L. Russell Johnson, District Attorney General; and Tiffany S. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts and Procedural History**

This case arises out of the Defendant and his wife stealing property valued at more than $60,000. A Morgan County jury found the Defendant guilty of the offense, and the trial court sentenced him to ten years as a standard Range I offender and ordered him to pay $142,215.00 in restitution. According to the record, at the Defendant's sentencing hearing, the Defendant "formally, knowingly and voluntarily waived his rights to any and

all appeals, further legal remedies, or other efforts to seek relief on any grounds" in exchange for leniency for his wife's sentence.

The Defendant subsequently filed multiple motions challenging his sentence, including a motion to request records and for another restitution hearing. On June 28, 2016, the Defendant filed the Rule 36.1 motion to correct an illegal sentence that is the subject of this appeal. In it, he contended that his sentence was illegal because it had been enhanced improperly pursuant to Tennessee Code Annotated section 40-35-114. The trial court summarily denied relief, and it is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant asserts that the trial court erred when it summarily dismissed his motion based on the "Waiver of Rights." He also contends that his trial counsel failed to file a motion for new trial following his conviction. He does not address the issue of an illegal sentence.

Tennessee Rule of Criminal Procedure 36.1 provides in pertinent part that:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Tenn. R. Crim. P. 36.1(a), (b) (2014). Rule 36.1 does not define the term "colorable claim." Nevertheless, our supreme court has explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

2

"Whether a sentence is illegal pursuant to Rule 36.1 is a question of law that we review de novo with no presumption of correctness." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006) (applying de novo review to determine whether a sentence is illegal for purposes of habeas corpus relief); *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004); *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002) (reviewing de novo the issue of whether a post-conviction petition states a colorable claim for relief)).

The following are examples of illegal sentences:

(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [Release Eligibility Date (RED) ] where a RED is specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute.

*Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010) (internal citations omitted).

The Defendant does not maintain an argument in his brief as to how his sentence is illegal. He merely alleges that the trial court should have held a hearing on his motion despite his waiver of rights entered at the sentencing hearing, which waived his right to "appeal the conviction, pursue [a] Motion for Judgment of Acquittal, Motion for New Trial, direct Appeal, permission for Appeal to the Supreme Court, etc."

In his Rule 36.1 motion, the Petitioner alleges that his sentence was improperly enhanced and that he is entitled to a "Restitution Hearing." The Petitioner, along with his wife, was convicted by a jury of theft of property valued at more than $60,000. He was sentenced to serve ten years in prison and ordered to pay restitution in the amount of $142,215. At his wife's sentencing hearing, the Petitioner waived his right to appeal, his right to a hearing on his motion for new trial, and his right to post-conviction relief. In exchange, the Petitioner's wife received judicial diversion.

From our review of the record, we have determined that the Petitioner has failed to state a colorable claim for Rule 36.1 relief. Accordingly, the trial court did not err when it summarily dismissed his motion for Rule 36.1 relief. The Defendant is not entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's dismissal of the Defendant's Rule 36.1 motion to correct an illegal sentence.

_____

ROBERT W. WEDEMEYER, JUDGE

4