IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 23, 2019 at Knoxville

**STATE OF TENNESSEE v. JEREMY GARRETT**

Appeal from the Criminal Court for Shelby County
No. 04-05871, 04-07755    Glenn Ivy Wright, Judge
_____

**No. W2018-01223-CCA-R3-CD**
_____

In 2007, a Shelby County jury found the Defendant, Jeremy Garrett, guilty of aggravated robbery, felony murder, and especially aggravated robbery.  In 2018, the Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1, seeking to correct an illegal sentence.  The trial court summarily denied Rule 36.1 relief.  On review, having determined that the Defendant has failed to state a colorable claim for Rule 36.1 relief, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT H. MONTGOMERY, Jr., JJ., joined.

Jeremy Garrett, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Johnathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Lora Fowler, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts and Procedural History**

This case arises out of the conduct charged in two separate indictments.  The Defendant was indicted for the aggravated robbery of Mexwayne Williams committed on March 28, 2004, and indicted several months later for the first degree felony murder and the especially aggravated robbery of Dexter Birge committed on March 29, 2004.  A Shelby County jury found the Defendant guilty of the offenses, and the trial court sentenced him to concurrent sentences of eight years for the aggravated robbery

conviction; fifteen years for the especially aggravated robbery conviction; and life imprisonment for the murder conviction.

The Defendant subsequently filed a direct appeal challenging the consolidation of the cases and, thereafter, a post-conviction petition, claiming ineffective assistance of counsel. On March 12, 2018, the Defendant filed the Rule 36.1 motion to correct an illegal sentence that is the subject of this appeal. In it, he alleged the State had encouraged prison officials to place him in punitive segregation and tricked him into signing some unspecified "plea"; claimed he was denied "adequate psychiatric treatment"; and alleged prison officials denied him access to legal services and phone calls with his mother. The Defendant also requested a hearing and the appointment of counsel. On May 17, 2018, the trial court summarily denied relief. In its order, the trial court referenced an earlier Rule 36.1 motion that was dismissed on October 13, 2017, before concluding that the Defendant failed to state a colorable claim. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant asserts that the trial court erred when it summarily dismissed his motion. In his brief, the Defendant refers to an earlier filed Rule 36.1 motion. It appears it may be the same motion referenced by the trial court in its May 17, 2018 order dismissing the motion. Nonetheless, the Defendant did not timely appeal the dismissal of the prior motion and, therefore, it is not properly before this court. We consider only the March 12, 2018 motion.

Tennessee Rule of Criminal Procedure 36.1 provides in pertinent part that:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Tenn. R. Crim. P. 36.1(a), (b). Rule 36.1 does not define the term "colorable claim." Nevertheless, our supreme court has explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

"Whether a sentence is illegal pursuant to Rule 36.1 is a question of law that we review *de novo* with no presumption of correctness." *Id*. at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006) (applying *de novo* review to determine whether a sentence is illegal for purposes of habeas corpus relief); *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004); *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002) (reviewing *de novo* the issue of whether a post-conviction petition states a colorable claim for relief)).

The following are examples of illegal sentences:

(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [Release Eligibility Date (RED)] where a RED is specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute.

*Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010) (internal citations omitted).

In his Rule 36.1 motion, the Petitioner alleges that the State encouraged prison officials to put him in punitive segregation; that the State and prison officials tricked him into signing an unspecified plea while in prison; and that he was denied mental health treatment and legal services. Even assuming that these assertions are true, the Defendant does not set forth a colorable claim for Rule 36.1 relief. The allegations put forth by the Defendant do not render his sentences illegal. Accordingly, the trial court did not err when it summarily dismissed the Defendant's motion for Rule 36.1 relief. The Defendant is not entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's dismissal of the Defendant's Rule 36.1 motion to correct an illegal sentence.

_____
ROBERT W. WEDEMEYER, JUDGE