IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 18, 2020

**CHARLIE CLARK v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Trousdale County**
**No. 2018-CV-4735   John D. Wootten, Jr., Judge**

_____

**No. M2019-01212-CCA-R3-HC**

_____

In 2013, a Henderson County jury convicted the Petitioner, Charlie Clark, of rape. The Petitioner was sentenced to serve twenty-five years as a Range III, persistent offender in the Tennessee Department of Correction. *See State v. Charles Anderson Clark, Jr.*, No. 2014-00445-CCA-R3-CD, 2014 WL 7204525, at *1 (Tenn. Crim. App., at Jackson, Dec. 17, 2014) *no perm. app. filed*. In November 2018, the Petitioner filed, *pro se*, a petition for a writ of habeas corpus, alleging that he was improperly sentenced as a Range III offender without proper notice in contravention of Tennessee Code Annotated section 40-35-202(a). The habeas corpus court denied the petition because the Petitioner's claim, even if true, would make the judgment voidable and not void. On appeal, the Petitioner maintains that he was not provided with proper notice of the State's intent to seek enhanced punishment before sentencing. After review, we affirm the habeas corpus court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Charlie Clark, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Assistant Attorney General; and Tom P. Thompson, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Factual Background**

This case arises from a 2012 rape. A Henderson County jury convicted the Petitioner of rape, and this court affirmed the Petitioner's conviction and sentence. *See Clark*, 2014 WL 7204525, at *1. In the direct appeal, the Petitioner challenged the sufficiency of the evidence and the length of his sentence. In considering the Petitioner's challenge to the length of his sentence, this court specifically noted that the Petitioner did not challenge his status as a Range III offender. *Id.* at *5. The Petitioner then sought post-conviction relief, claiming that the jury pool did not meet constitutional standards and that his trial attorney was ineffective. This court affirmed the post-conviction court's denial of relief. *See Charlie A. Clark v. State*, No. W2015-01484-CCA-R3-PC, 2016 WL 6915580 (Tenn. Crim. App., at Jackson, Nov. 22, 2016), *perm. app. denied* (Tenn. Mar. 9, 2017).

In November 2018, the Petitioner, *pro se*, filed a petition for a writ of habeas corpus, alleging that he was improperly sentenced as a Range III offender because the State failed to provide proper notice as required by Tennessee Code Annotated section 40-35-202(a). Specifically, he argued that no certified copies of judgments against him had been filed; therefore, he should have been sentenced as a Range I, standard offender. On June 7, 2019, the habeas corpus court entered an order summarily dissmissing the petition because the claim, even taken as true, would not render the judgment void. The habeas corpus court found that the trial court had jurisdiction to impose the sentence and that its judgment was not illegal or void.

It is from this judgment that the Petitioner appeals.

## II. Analysis

The Petitioner asserts that he was not provided with proper notice of the State's intent to seek enhanced punishment before sentencing. He requests that this court remand the case to the trial court for sentencing as a Range I, standard offender. The State asks us to affirm the habeas corpus court's denial of the petition.

The right of an accused to seek relief through a writ of habeas corpus is guaranteed by Article I, Section 15 of the Tennessee Constitution. The grounds upon which habeas corpus relief may be granted, however, are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is only available when it appears on the face of the judgment or record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the defendant is still imprisoned despite the expiration of his sentence. *Id.*; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). The difference is that a void judgment is "one that is facially invalid because the court did not

- 2 -

have the statutory authority to render such judgment," whereas a voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id*. at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn.1998)).

The petitioner bears the burden of showing, by a preponderance of the evidence, that his judgment is void. *Wyatt v. State*, 24 S.W .3d 319, 322 (Tenn. 2000). However, if the habeas corpus court determines that there is nothing on the face of the judgment to indicate that the convictions contained therein are illegal, it may summarily dismiss the petition without the appointment of counsel and without an evidentiary hearing. *Summers*, 212 S.W.3d at 261. Because the issue of whether habeas corpus relief should be granted is a question of law, we shall conduct a *de novo* review without any presumption of correctness given to the decision of the lower court. *Id*. at 255.

The Petitioner maintains that his judgment is void because the State failed to file notice of intent to seek enhanced punishment as required under Tennessee Code Annotated section 40-35-202(a). Under both that statute and the Tennessee Rules of Criminal Procedure, the State must file notice of its intent to seek enhanced punishment at least ten days prior to trial or the acceptance of a guilty plea. T.C.A. § 40-35-202(a); Tenn. R. Crim. P. 12.3(a). The Tennessee Supreme Court has held that what is required under the statute is "fair" notice, not "perfect" notice. *State v. Livingston*, 197 S.W.3d 710, 713 (Tenn. 2006). Thus, even when there are defects in the timing, content, or form of the notice, the defendant must still make a showing of prejudice. *Id*. Such a showing would, again, likely require evidence outside of the record, rendering a judgment merely voidable. *See Michael Ralph Brown v. David Mills, Warden*, No. E2007-01891-CCA-R3-HC, 2008 WL 4949193, at *3 (Tenn. Crim. App., at Knoxville, Nov. 17, 2008).

The Petitioner attached to his petition four exhibits, including the judgment. All four documents display the court clerk's file stamp except "Exhibit D," which is the allegedly defective Range III notice. The habeas corpus court noted the absence of the clerk's file stamp and concluded that the Petitioner had failed to provide a complete record. We agree with the habeas corpus court that without the clerk's file stamp, the Petitioner has not shown whether or not the State provided notice more than ten days from trial. *See* T.C.A. § 40-35-202(a). Nonetheless, this Court has held on multiple occasions that even a complete lack of notice would render a judgment merely voidable and, therefore, not eligible for habeas corpus relief. *See Quintell Deshon Hardy v. Joe Easterling, Warden*, No. W2009-02633-CCA-R3-HC, 2011 WL 198626, at *3 (Tenn. Crim. App., at Jackson, Jan. 12, 2011) (citing several decisions of the Tennessee Court of Criminal Appeals in which the court determined the failure to provide sufficient notice rendered judgment voidable rather than void). Accordingly, we conclude that the Petitioner did not state a cognizable claim for habeas corpus relief and, therefore, the

habeas corpus court's summary dismissal without appointment of counsel was appropriate.

### III. Conclusion

After a review of the record and relevant authorities, we affirm the habeas corpus court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE