IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 1, 2020

**STATE OF TENNESSEE v. ALBERT O. DEWALT**

**Appeal from the Circuit Court for Dyer County**
**Nos. C07-216, 09-CR-107, 09-CR-108, 09-CR-274        Russell Lee Moore, Jr., Judge**

_____

**No. W2020-00309-CCA-R3-CD**
_____

The Defendant, Albert O. Dewalt, pleaded guilty over the course of five years to multiple charges: two counts of sale of cocaine weighing more than .5 grams (C07-216); two counts of sale of cocaine weighing more than .5 grams (09-CR-107); one count of felony possession with intent to deliver or sell cocaine weighing more than .5 grams (09-CR-108); and one count of attempted second degree murder (09-CR-274). The trial court imposed an effective sentence of twenty-two years. After multiple unrelated filings, in 2020, the Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1, seeking to amend his sentence for attempted second degree murder. The trial court denied the Defendant's motion on the grounds that he had agreed to his sentence and that the Defendant had not stated a basis for relief. On review, having determined that the Petitioner has failed to state a colorable claim for Rule 36.1 relief, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Albert O. Dewalt, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Danny H. Goodman, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts and Procedural History**

This case arises from four separate indictments which resulted in six convictions spanning from 2007 to 2012: in case no. C07-216, the Defendant pleaded guilty to two counts of sale of cocaine weighing more than .5 grams, resulting in concurrent twelve-year sentences, which were eventually paroled to probation; in case no. 09-CR-107 which the Defendant pleaded guilty to two counts of sale of cocaine weighing more than .5 grams, resulting in concurrent twelve-year sentences; in case no. 09-CR-108 the Defendant pleaded guilty to one count of possession of cocaine with the intent to sell or deliver, resulting in a twelve-year sentence; and in case no. 09-CR-274 the Defendant pleaded guilty to attempted second degree murder, resulting in a ten-year prison sentence.

The trial court ordered that the Defendant's sentences in case nos. 09-CR-107, 09-CR-108, and C07-216 be served concurrently. The trial court ordered that his ten-year sentence in case no. 09-CR-274 be served consecutively to his concurrent twelve-year sentences for a total effective sentence of twenty-two years; this effective sentence was ordered to be served concurrently with a federal sentence.

In 2013, the Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 requesting clarification of the manner of service of his sentences and to claim omitted jail credits to which he was allegedly entitled. Appointed counsel later filed a Petition for Relief from Conviction or Sentence, claiming that the plea agreement in case no. 09-CR-274 was invalid because the Defendant did not knowingly agree to the terms of his sentence. The trial court issued an order, clarifying that the Defendant was entitled to receive a certain amount of jail credit, correcting the judgment error in case no. 09-CR-274, and finally, clarifying that all the Defendant's sentences were to run concurrent with his federal sentence. In 2018, the Defendant filed another Rule 36.1 motion seeking to correct clerical errors or omitted jail credits, alleging that his jail credits had been incorrectly applied. The trial court denied the motion because it involved an administrative matter to be handled by the prison.

In 2020, the Defendant filed a motion, which is the subject of this appeal, to correct and/or amend his sentence, pursuant to Rule 36.1. In it, he contended that his sentence in case no. 09-CR-274 was improperly enhanced by utilizing prior felonies "contrary to statute." The Defendant filed a proposed order to correct his ten-year sentence to 7.2 years to be served at 20% as a Range I, Standard Offender. He also requested a hearing. The trial court summarily denied the motion, clarifying that the twelve-year sentence imposed in case no. 09-CR-274 had been ordered to run consecutively to his other State convictions but concurrently with his federal sentence, for a total effective sentence of twenty-two years. The trial court concluded that the Defendant had not stated any basis for relief and was serving sentences he had agreed to in his guilty plea. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant asserts that the trial court erred when it denied his motion because of the availability of a "remedial cure" to amend or correct his sentence based on a "liberal construction of applicable statutes." The State responds that the Defendant's bargained-for ten-year sentence for his Class B felony attempted second degree murder conviction, as a Range I, Standard Offender, was authorized by applicable statutes, and therefore, the trial court did not err when it denied his motion to amend or correct the sentence. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 provides in pertinent part that:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Tenn. R. Crim. P. 36.1(a), (b) (2014). Rule 36.1 does not define the term "colorable claim." Nevertheless, our supreme court has explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

"Whether a sentence is illegal pursuant to Rule 36.1 is a question of law that we review de novo with no presumption of correctness." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006) (applying de novo review to determine whether a sentence is illegal for purposes of habeas corpus relief); *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004); *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002) (reviewing de novo the issue of whether a post-conviction petition states a colorable claim for relief)).

The following are examples of illegal sentences:

(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [Release Eligibility Date (RED)] where a RED is specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute.

*Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010) (internal citations omitted).

The Defendant does not explain in his brief how his sentence is illegal. He merely alleges that a fatal error renders his sentence void. The trial court, he argues, used his prior felonies to "upgrade the judgment" in this case and then "mitigate the same" to a Class B felony before using the prior felonies again in the sentencing phase to enhance his sentence from the minimum to a ten-year sentence. He argues that this fails to observe the "legislative application" of section 40-35-202(a), which requires notice of intent to seek an enhanced punishment more than ten days prior to trial.

The Notice of Intent to Seek an Enhanced Punishment is not included in the record, and so, we have no way of knowing whether it was filed more than ten days prior to the entry of the Defendant's guilty plea. Timing of the same aside, from our review of the record, we have determined that the Petitioner has failed to state a colorable claim for Rule 36.1 relief. He entered a guilty plea to a lesser-included offense, attempted second-degree murder, and received a bargained-for sentence within the appropriate sentencing range. Accordingly, the trial court did not err when it denied his motion for Rule 36.1 relief. The Defendant is not entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

4