IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 6, 2024

## STATE OF TENNESSEE v. REGINALD D. BOND

**Appeal from the Circuit Court for Madison County**
No. 11-372      Donald H. Allen, Judge

_____

### No. W2023-01725-CCA-R3-CD
_____

In 2012, the Defendant, Reginald D. Bond, pleaded guilty to multiple counts of attempted rape of a child, and the trial court sentenced him to ten years of incarceration and ordered him to community supervision for life and to register as a sex offender. After his release, the Defendant was convicted of violating the sex offender registry, and the trial court sentenced him to six years, suspended to probation. He violated his probation by being charged with new offenses, so the trial court revoked his probation and ordered him to serve his sentence in confinement. The Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1, seeking to correct an illegal sentence, contending that his sentence was illegal because the community supervision and sex offender registry requirements violated double jeopardy. The trial court summarily denied Rule 36.1 relief. On review, having determined that the Defendant has failed to state a colorable claim for Rule 36.1 relief, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and TOM GREENHOLTZ, J., joined.

Reginald D. Bond, Nashville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Abigail H. Rinard, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Matthew Floyd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts and Procedural History**

The Defendant's Rule 36.1 motion indicates that he pleaded guilty in 2012 to two counts of attempted rape of a child. He was placed on community supervision for life and the sex offender registry. The Defendant's motion states that, after he was released, he received an additional Class E felony charge in 2018, for which the trial court sentenced him to six years, suspended to probation. The Defendant received another Class E felony charge, and the trial court sentenced him to two more years. He asserts that he has received multiple punishments for the same sexual offense.

When the Defendant appealed the revocation of his probation in this case, this court summarized the facts presented as follows:

On May 20, 2019, the [D]efendant pleaded guilty to one count of violating the sexual offender reporting requirements in case 19-93 and 2 counts of violating the sexual offender reporting requirements, one count of violating residential and employment restrictions, and one count of violating the conditions of his community supervision for life in case 19-282. The trial court sentenced him to an effective six-year sentence with all but 270 days suspended to supervised probation. On July 16, 2020, a probation violation warrant issued, alleging that the [D]efendant violated the terms of his release by garnering new charges, failing to obtain employment, failing a drug screen, failing to pay court costs, and failing to comply with the conditions of his community supervision for life.

At the September 28, 2020 revocation hearing, David Miller, the defendant's probation supervisor since December 2, 2019, testified that the defendant was required to maintain employment as a term of his supervision. He stated that the [D]efendant had worked at Capital Car Detail until March 27, 2020, and that "[f]rom that point forward he didn't provide any proof of employment." Mr. Miller said that the defendant had also been ordered to pay court costs in the amount of $100 per month as a term of his supervision but that the [D]efendant made only one payment of $25 in February 2020 "and no other payments." Mr. Miller stated that on March 10, 2020, the defendant tested positive for the presence of "125 nanograms per milliliter for marijuana metabolite." Additional testing by Alere Labs confirmed the results. The laboratory report was exhibited to the hearing.

Mr. Miller testified that the defendant was required to register as a sexual offender and was subject to community supervision for life. He said that the [D]efendant violated a special condition of his community supervision that prohibited him from having contact with a minor or from dating, befriending, residing, or uniting "with anyone who has children under

2

the age of 18." Mr. Miller stated that a minor was present in the defendant's residence during a home check. Although Mr. Miller did not know the age of the female minor, he said that she "was young enough to be in a stroller." Mr. Miller stated that, to his knowledge, that charge was pending in general sessions court.

*State v. Bond*, No. W20200-1455-CCA-R3-CD, 2021 WL 4204322, at *1 (Tenn. Crim. App. Sept. 16, 2021), *no Tenn. R. App. P. 11 application filed*.

The Defendant's primary contention in his Rule 36.1 motion is that he has been subjected to multiple punishments for the same offense. The State disagreed, and the trial court summarily dismissed the Defendant's motion.

The trial court found that the Defendant had not stated a colorable claim pursuant to Rule 36.1 and that his sentence was valid and legal.

## II. Analysis

On appeal, the Petitioner asserts that the trial court erred when it denied his motion. He maintains that he has been subjected to multiple punishments for the same offense in violation of double jeopardy principles. The State responds that this is not a colorable claim for relief and thus the trial court properly denied the motion. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 provides in pertinent part that:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Tenn. R. Crim. P. 36.1(a), (b) (2014). Rule 36.1 does not define the term "colorable claim." Nevertheless, our supreme court has explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

"Whether a sentence is illegal pursuant to Rule 36.1 is a question of law that we review de novo with no presumption of correctness." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006) (applying de novo review to determine whether a sentence is illegal for purposes of habeas corpus relief); *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004); *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002) (reviewing de novo the issue of whether a post-conviction petition states a colorable claim for relief)).

The following are examples of illegal sentences:

(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [Release Eligibility Date (RED)] where a RED is specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute.

*Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010) (internal citations omitted).

From our review of the record, we have determined that the Petitioner has failed to state a colorable claim for Rule 36.1 relief. This court has repeatedly held that double jeopardy claims are not cognizable in a Rule 36.1 proceeding. *See, e.g., State v. Cage,* No. M2020-00360-CCA-R3-CD, 2021 WL 3163086, at *2 (Tenn. Crim. App. July 27, 2021), *no Tenn. R. App. P. 11 application filed*; *State v. Northington*, No. M2019-01179-CCA-R3-CD, 2020 WL 5758708, at *3 (Tenn. Crim. App. Sept. 28, 2020), *no Tenn. R. App. P. 11 application filed*; *State v. Sargent*, No. W2018-00517-CCA-R3-CD, 2019 WL 1952881, at *2 (Tenn. Crim. App. Apr. 3, 2019), *no Tenn. R. App. P. 11 application filed*.

Accordingly, the trial court did not err when it denied his motion for Rule 36.1 relief. The Defendant is not entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's judgment.

_____

ROBERT W. WEDEMEYER, JUDGE