IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
May 1, 2024 Session

**CURTIS KELLER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**Nos. 10-07532, 10-02756      Carlyn Addison, Judge**

_____

**No. W2023-00743-CCA-R3-PC**
_____

In this consolidated appeal, Shelby County juries convicted the Petitioner, Curtis Keller, of three counts of especially aggravated kidnapping, three counts of aggravated robbery, four counts of attempted aggravated robbery, one count of aggravated burglary, and one count of evading arrest (No. 10-02756); and two counts of especially aggravated kidnapping, one count of attempted especially aggravated kidnapping, one count of especially aggravated burglary, three counts of aggravated assault, and one count of employing a firearm during the commission of a "dangerous felony" (No. 10-07532). The Petitioner received effective sentences of 300 years (No. 10-02756) and 210 years (No. 10-07532). The Petitioner appealed his convictions in both cases. *See State v. Keller*, No. W2012-01457-CCA-R3-CD, 2013 WL 6021332 (Tenn. Crim. App. Nov. 6, 2013), *perm. app. granted, cause remanded* (Tenn. Feb. 11, 2014) and *State v. Keller*, No. W2012-01457-CCA-R3-CD, 2014 WL 4922627 (Tenn. Crim. App. Sept. 29, 2014), *perm. app. denied* (Tenn. Jan. 15, 2015). The Petitioner then filed a series of motions and petitions, which this court has addressed on appeal. *Keller v. State*, No. W2019-01652- CCA-R3-ECN, slip op. at 2 (Tenn. Crim. App. Jan. 27, 2021), *perm. app. denied*; *Keller v. State*, No. W2020-00590-CCA-R3-PC, 2021 WL 2886338 (Tenn. Crim. App. July 9, 2021), *perm. app. denied* (Tenn. Oct. 15, 2021). In the consolidated matter herein, the Petitioner filed: a petition "new post-conviction" relief and a "supplemental" petition for writ of error coram nobis in No. 10-02756; a petition for DNA post-conviction analysis in Nos. 10-07532 and 10-02756; and a motion to correct an illegal sentence pursuant to Tennessee Rule of Appellate Procedure 36.1 in No. 10-07532. The trial court denied the petitions, and the Petitioner filed a notice of appeal. After this appeal was docketed, counsel filed a motion for a late-filed notice of appeal for all five underlying petitions. On review, having determined that all of the Petitioner's filings in No. 10-02756 and his petition for DNA analysis in No. 10-07532 were untimely, we deny his motion for a late-filed notice of appeal and dismiss the appeal with respect to those filings. The remaining motion, the Petitioner's motion to correct an illegal sentence in No. 10-07532, was timely filed and,

upon review, we conclude the Petitioner has failed to state a colorable claim for Rule 36.1 relief. As such, we affirm the trial court's judgment denying the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part; Appeal Dismissed in Part**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JILL BARTEE AYERS and JOHN W. CAMPBELL, SR., JJ., joined.

Terrell L. Tooten, Memphis, Tennessee, for the appellant, Curtis Keller.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Steven L. Mulroy, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts and Procedural History**

This case arises from two separate home invasions in Memphis, Tennessee, the first occurring in 2008 in Germantown (No. 10-02756), and the second in 2010 in Collierville (No. 10-07532). For the 2008 Germantown home invasion, a Shelby County grand jury indicted the Petitioner on three counts of especially aggravated kidnapping; three counts of aggravated robbery; four counts of attempted aggravated robbery; four counts of aggravated assault; one count of aggravated burglary; one count of evading arrest; and one count of theft of property. For the 2010 Collierville home invasion, a Shelby County grand jury indicted the Petitioner for one count of attempted especially aggravated robbery, one count of especially aggravated burglary, one count of employing a firearm during the commission of a dangerous felony, two counts of especially aggravated kidnapping, three counts of aggravated assault, and one count of being a felon in possession of a handgun.

The following is a summary of the facts and extensive procedural history, for both cases, as written by this court:

> In May of 2010, [the] Petitioner and several accomplices entered a home in Collierville in an attempt to get money from one of the victims that was supposedly owed to [the] Petitioner from a drug transaction. *See State v. Curtis Keller*, No. [W2012]-00825-CCA-R3-CD, 2013 WL 3329032, at *1-2 (Tenn. Crim. App. June 27, 2013), *perm. app. denied* (Tenn. Dec. 10, 2013). A 911 call originating from inside the home prompted officer response. *Id.* at *2. [The] Petitioner "took off his mask" and tried to escape on foot. *Id.* He was caught outside the home. *Id.* [The] Petitioner was

2

subsequently indicted and tried for his involvement in the incidents taking place that day. As a result, he was convicted of several counts of especially aggravated kidnapping, attempted especially aggravated robbery, especially aggravated burglary, and three counts of aggravated assault. *Id.* As a result of the convictions, he received a total effective sentence of 240 years in incarceration. *Id.* On direct appeal, Petitioner's conviction for employing a firearm during the commission of a dangerous felony was reversed based on the fact that possessing or employing a firearm was an element of especially aggravated kidnapping, and the conviction for especially aggravated burglary was reduced to aggravated burglary because the same act of causing serious bodily injury to one victim was the basis for both especially aggravated burglary and attempted especially aggravated robbery. *Id.* As a result, Petitioner's total effective sentence was reduced to 210 years. This Court later affirmed the denial of post-conviction relief. *See Curtis Keller v. State*, No. W2016-00416-CCA-R3-PC, 2018 WL 801537, at *1 (Tenn. Crim. App. Feb. 8, 2018), *perm. app. denied* (Tenn. May 18, 2018).

In an unrelated case that went to trial after the Collierville home invasion, stemming from a home invasion in Germantown in May of 2008, [the] Petitioner was convicted of several crimes, resulting in a total effective sentence of 300 years in incarceration. [*Keller*, 2013 WL 6021332, at *1]. On direct appeal in the Germantown case, [the] Petitioner unsuccessfully challenged the chain of custody regarding the admission of a ski mask found in the getaway vehicle that contained his DNA. *Id.* at *16-17. In a subsequent appeal from the denial of post-conviction relief, this Court determined that trial counsel was not ineffective for failing to contest the validity of the DNA found in the ski mask. [*Keller v. State*, 2021 WL 2886338, at *10].

*Keller v. State*, No. W2021-00123-CCA-R3-ECN, 2022 WL 1150962, at *1 (Tenn. Crim. App. April 18, 2022), *perm. app. denied* (Tenn. Aug. 3, 2020).

In both the Germantown and Collierville cases, the Petitioner filed petitions for writs of habeas corpus, which were denied by the trial court and affirmed on appeal. *Keller v. State*, No. W2012-02076-CCA-R3-HC, 2013 WL 597789, at *1 (Tenn. Crim. App. Feb. 15, 2013), *perm. app. denied* (Tenn. May 7, 2013); *Keller v. State*, No. W2012-02078-CCA-R3-HC, 2013 WL 12181090, at *1 (Tenn. Crim. App. Jan. 11, 2013), *perm. app. denied* (Tenn. April 9, 2013). He then filed petitions for post-conviction relief in both matters, as well as petitions for writs of error coram nobis. All were denied or dismissed by the trial court, reviewed by this court and affirmed on appeal, following which our supreme court declined to review the petitions. *Keller v. State*, No. W2020-00590-CCA-

R3-PC, 2021 WL 2886338, at *1 (Tenn. Crim. App. July 9, 2021), *perm. app. denied* (Tenn. October 15, 2021); *Keller v. State*, No. W2016-00416-CCA-R3-PC, 2018 WL 801537, at *1 (Tenn. Crim. App. Feb. 8, 2018), *perm. app. denied* (Tenn. May 18, 2018); *Keller v. State*, No. W2019-01652-CCA-R3-ECN, 2021 WL 1699277, at *3 (Tenn. Crim. App. Jan. 27, 2021), *perm. app. denied* (Tenn. May 14, 2021); *Keller v. State*, No. W2021-00123-CCA-R3-ECN, 2022 WL 1150962, at *2 (Tenn. Crim. App. Apr. 18, 2022), *perm. app. denied* (Tenn. Aug. 3, 2022).

At issue here are the Petitioner's subsequent filings in 2022: petitions for post-conviction DNA analysis in both cases, and regarding No. 10-02756, a petition for post-conviction relief and a petition for a writ of error coram nobis. On April 10, 2023, the trial court denied, without a hearing, the petition for post-conviction relief and petition for writ of error coram nobis. On April 17, 2023, the trial court summarily denied the Petitioner's petitions for post-conviction DNA analysis in both cases. The Petitioner filed notices of appeal from those judgments, on May 18, 2023, outside the 30-day filing period. On May 10, 2023, the Petitioner filed a motion to correct an illegal sentence in No. 10-07532, and on May 18, 2023, filed a notice of appeal, alongside the other two appeals, in advance of the trial court's judgment which, filed May 23, 2023, denied the Petitioner's motion to correct an illegal sentence. After the appeal was docketed and the matters consolidated by the court clerk, the Petitioner filed a motion to late-file a notice of appeal

## II. Analysis
### A. Late-Filed Notice of Appeal

The Petitioner has filed through counsel a motion to late-file a notice of appeal. The Petitioner seeks to appeal the trial court's April 10, 2023 order denying, in 10-02756, his petition for post-conviction relief and petition for writ of error coram nobis. He also seeks to appeal the trial court's April 17, 2023 denial of his petitions for post-conviction DNA analysis, and the trial court's May 23, 2023 denial of his motion to correct an illegal sentence. In his motion for a late-filed notice of appeal, counsel for the Petitioner asserts that he did not receive the trial court's orders until June 1, 2023 (mail-stamped May 30, 2023), and that he filed notices of appeal prior to receiving the orders to protect the Petitioner's right to appeal.

Although notice of appeal must generally be filed within thirty days of the trial court order from which an appeal is sought, the timely filing thereof is not jurisdictional in criminal cases and may be waived in the interest of justice. Tenn. R. App. P. 4(a). However, waiver is not automatic. *See State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). In determining whether waiver is appropriate, this court must consider the nature of the issues presented for review, the reasons for and length of the delay in seeking relief, and any other relevant factors presented in the case. *Id.*

4

The Petitioner seeks to appeal the trial court's April 10, 2023, April 17, 2023, and May 23, 2023, orders denying him relief. He filed a notice of appeal on May 18, 2023, which he later amended to include an appeal of the May 23, 2023 judgment. With the assistance of present counsel, the Petitioner filed a motion to late-file a notice of appeal on January 10, 2024, more than seven months after the untimely notice of appeal. The motion does not explain the delay; it only states that the Petitioner's counsel did not receive the trial court's orders until June 1, 2023, however, the motion also states that counsel received "copies of some of the order on May 18, 2023." The motion does not provide any bases for the petitions or how the trial court erred in denying the petitions. For these reasons, we cannot conclude that the timeliness of the notice of appeal should be waived in the interest of justice. Accordingly, the Petitioner's motion for permission to late-file a notice of appeal is denied. As such, his appeals of the trial court's April 10 and April 17, 2023, orders denying relief are dismissed.

### B. Motion to Correct an Illegal Sentence

The Petitioner's remaining motion, denied by the trial court on May 23, 2023, and proactively appealed by the Petitioner on May 18, 2023, was timely appealed and therefore is before this court properly. On appeal, the Petitioner asserts that the trial court erred when it denied his motion. He contends that the State did not provide, in the pre-sentence report, advanced notice of the enhancement factors it sought to apply at sentencing and thus, his sentence was born out of "egregious conduct." The State responds that this is not a colorable claim for relief and thus the trial court properly dismissed the motion. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 provides in pertinent part that:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Tenn. R. Crim. P. 36.1(a), (b) (2014). Rule 36.1 does not define the term "colorable claim." Nevertheless, our supreme court has explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

"Whether a sentence is illegal pursuant to Rule 36.1 is a question of law that we review de novo with no presumption of correctness." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006) (applying de novo review to determine whether a sentence is illegal for purposes of habeas corpus relief); *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004); *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002) (reviewing de novo the issue of whether a post-conviction petition states a colorable claim for relief)).

The following are examples of illegal sentences:

(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [Release Eligibility Date (RED)] where a RED is specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute.

*Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010) (internal citations omitted).

From our review of the record, we have determined that the Petitioner has failed to state a colorable claim for Rule 36.1 relief. This court has held that alleged errors regarding the notice of enhancement factors are appealable errors and do not raise a colorable claim under Rule 36.1. *State v. Davis*, No. W2022-01404-CCA-R3-CD, 2023 WL 3916274, at *4 (Tenn. Crim. App. June 9, 2023) (citing *State v. Hardy*, No. M2017-00537-CCA-R3-CD, 2017 WL 3492060, at *2 (Tenn. Crim. App. Aug. 15, 2017), *perm. app. denied* (Tenn. Nov. 20, 2023)). Accordingly, the trial court did not err when it denied the Petitioner's motion for Rule 36.1 relief. The Petitioner is not entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

6